## Richmond

## JOHN R. PAGE V. CITY OF RICHMOND

March 3, 1978.

Record No. 770874.

Present: I'Anson, C.J., Carrico, Harrison, Cochran, Harman and Compton, JJ.

*Michael S. Shelton (W.H.C. Venable; Cohen, Abeloff & Staples,* on briefs), for appellant.

*Albert J. FitzPatrick, Assistant City Attorney,* for appellee.

COCHRAN, J., delivered the opinion of the Court.

In this appeal the question for decision is whether the Industrial Commission erred in ruling that the presumption created by Code § 65.1-47.1 [1] had been refuted by competent medical evidence.

The facts have been stipulated. John R. Page was continuously employed by the City of Richmond as a fire fighter from October 16, 1945, until July 28, 1976. Prior to employment he had undergone a physical examination and was found to be free of respiratory disease. At the request of the City, he was examined by two physicians in August, 1976, was found to be disabled because of a respiratory disease, and was retired, effective July 28, 1976, for total disability at the age of 56. Page filed his claim for compensation under Code § 65.1-47.1, and a hearing was conducted, at which the City relied upon a report of Dr. Edward S. Ray, one of the examining physicians, which reads in part as follows:

* * *

"He states that he has suffered no severe respiratory symptoms while fighting fires but on several occasions suffered smoke inhalation that required oxygen therapy for a short period of time at the site of a fire. He has been a heavy cigarette smoker for 40 years."

* * *

"It is my opinion that Mr. Page has a modest degree of emphysema that would limit his activity to moderate work. He also complains of dizziness on exertion. He may have coronary arterial disease. In view of his complaints and my examination I believe his condition is about normal for a man of 56 years of age. I also believe that because of his symptoms

---

[1] Code § 65.1-47.1 reads in pertinent part as follows:

"**Presumption as to death or disability from respiratory disease, hypertension or heart disease.**—The death of, or any condition or impairment of health of, salaried or volunteer fire fighters caused by respiratory diseases, and the death of, or any condition or impairment of health of, salaried or volunteer fire fighters, . . . caused by hypertension or heart disease, resulting in total or partial disability shall be presumed to be an occupational disease suffered in the line of duty that is covered by this Act unless the contrary be shown by competent evidence; . . . ."

including dizziness on exertion he should, not be actively fighting fires. However, he certainly is able to do less strenuous work."

* * *

"P.S. I found no evidence that his disability is related to his occupation as a fireman."

Commissioner Joyner entered an order awárding Page total disability benefits for an occupational disease suffered in the line of duty. Upon review by the full Commission, however, a majority filed an opinion stating that the statutory presumption of causal connection had been refuted by competent medical evidence, and ordered that the award be set aside.

Page argues that the General Assembly, by enacting Code § 65.1-47.1, has determined that there is a causal connection between his occupation and his respiratory disease, and Dr. Ray's opinion that he could find no such causal connection is insufficient to rebut the statutory presumption, in the absence of affirmative proof of a different cause of disability. He relies on the construction of similar statutes in Michigan and Wisconsin. *Schave* v. *Department of State Police*, 58 Mich. App. 178, 227 N.W.2d 278 (1975); *Sperbeck* v. *Dept. of Industry, Labor & Human Rel.*, 46 Wis.2d 282, 174 N.W.2d 546 (1970).

In *Schave*, the claimant was a member of the Michigan State Police who suffered disability from heart disease. Under the applicable statute such disease was deemed to arise out of and in the course of employment "in the absence of evidence to the contrary." 58 Mich. App. at 180, 227 N.W.2d at 280. Two doctors testified that it was impossible to say with any degree of certainty that the claimant's heart disease either was or was not work-related. The Workmen's Compensation Board denied recovery on the ground that the claimant was not entitled to the statutory presumption. On appeal, this ruling was reversed, the Michigan Court of Appeals holding that the presumptioñ was applicable and could be rebutted only by evidence of non-work-related causation. Evidence of preexisting heart disease and medical evidence that the occupation had no effect on the weakened heart were held to be insufficient to rebut the presumption. The case was remanded for further proceedings consistent with the opinion.

In *Sperbeck*, a fireman employed by a Wisconsin municipality died at home of a heart attack. Wisconsin had a statute which provided that, where the disability of a fireman was found to be caused by heart or respiratory defect or disease, such finding was presumptive evidence that the defect or disease was caused by his employment. The municipality relied upon a medical expert who testified that in his opinion "beyond all reasonable doubt" the fireman's occupation had no effect on his heart disease. 46 Wis.2d at 289, 174 N.W.2d at 549. The Department of Industry, Labor & Human Relations denied the application for compensation, but this action was reversed by the trial court. On appeal, the Supreme Court of Wisconsin affirmed the ruling of the trial court and held that the medical expert's opinion, which did not affirmatively establish the cause of death, but merely attacked the rationale of the statutory presumption, was insufficient to rebut the presumption of causal connection.

In the present case, in spite of the fact that Page's condition resulted in his mandatory retirement, Dr. Ray was of opinion that Page had "a modest degree" of emphysema, and perhaps had coronary arterial disease, but that his condition was "about normal" for a man of his age. However, the doctor not only failed to give his opinion as to the cause of Page's disabling disease, but he also failed to state affirmatively that the evidence disproved any causal connection between the disease and Page's occupation as a fire fighter. Dr. Ray merely reported that he had found no evidence of such a connection. We hold that this evidence is insufficient to rebut the statutory presumption upon which Page was entitled to rely.

The obvious purpose of the rebuttable presumption is to establish by law, in the absence of evidence, a causal connection between death or disability from certain diseases and the occupation of a fire fighter. The effect of the presumption is to eliminate the necessity for proof by the claimant of causal connection. Thus, Page had only to prove his occupation as a fireman and his disability from a respiratory disease to make a prima facie case. In the absence of evidence, the statutory presumption prevails and controls. The presumption shifts the burden of going forward with evidence from the claimant to his employer.

Even if the negative finding made by Dr. Ray of no evidence of causal connection is equated *arguendo* with an affirmative

finding that there was no causal connection, the rebuttal evidence is still insufficient. We hold that to rebut the statutory presumption the employer must adduce competent medical evidence of a non-work-related cause of the disabling disease, and there is no such evidence in the record before us.

For the reasons assigned, the order of the Industrial Commission will be reversed, and the case remanded for a determination of the benefits to which Page is entitled.

*Reversed and remanded.*