## Richmond

### FAIRFAX COUNTY FIRE AND RESCUE SERVICES

### V.

### ROBERT E. NEWMAN

September 11, 1981.

Record No. 800317.

Present: All the Justices.

*Peter D. Andreoli, Jr., Assistant County Attorney (David D. Stitt,* County Attorney, on brief), for appellant.
*Ira M. Lechner (Carey R. Butsavage; Seifman & Lechner, P.C.,* on brief), for appellee.

THOMPSON, J., delivered the opinion of the Court.

In this workmen's compensation appeal, we determine two questions: Whether the employer in the hearing below effectively rebutted the presumption contained in Code § 65.1-47.1[1] and whether the presumption violates the due process clauses of the United States and Virginia Constitutions.

The Fairfax County Fire and Rescue Services (Employer) employed Robert E. Newman as a fire fighter/paramedic on November 1, 1971. As a requirement of his employment, Newman underwent annual physical examinations which, until October 26,

---

[1] Code § 65.1-47.1. *Presumption as to death or disability from respiratory disease* . . . .—The death of, or any condition or impairment of health of, salaried or volunteer fire fighters caused by respiratory diseases . . . hypertension or heart disease, resulting in total or partial disability shall be presumed to be an occupational disease suffered in the line of duty that is covered by this act unless the contrary be shown by a preponderance of competent evidence; provided that prior to making any claim based upon such presumption, such salaried or volunteer fire fighter shall have been found free from respiratory diseases, hypertension or heart disease . . . .

1978, had revealed no respiratory or pulmonary disease. On that date, he was admitted to the hospital and, after a series of tests, was determined to have pulmonary sarcoidosis.[2] Relevant portions of the medical reports indicate that the doctors attending Newman were of the opinion that, while the precise etiology of sarcoidosis is unknown, in this case his disease is definitely pulmonary, affecting the heart as well as the lungs, and that further exposure to smoke would be harmful to Newman.

On May 14, 1979, Newman filed an application for a hearing with the Industrial Commission alleging he was suffering from an occupational disease. A deputy commissioner denied Newman compensation because the medical evidence rebutted the presumption created by Code § 65.1-47.1. By Review Opinion with one commissioner dissenting, the full Commission reversed, stating that the medical evidence presented by the Employer was insufficient to rebut the presumption in question.

The medical evidence stipulated by the parties at the July 25 hearing consists of five letters from three examining physicians in 1979.

Dr. Ronald A. Apter, Newman's personal physician, stated in his February 9 letter that sarcoidosis was a disease of unknown origin or cause and that, in Newman's case, it prevented him from engaging in strenuous activity and exposing himself to smoke. In his May 4 letter, Dr. Apter repeated that Newman should avoid strenuous work, specifically fire fighting, but could perform safely clerical work, driving or light exercise.

Dr. John Einarson of the Medical Examining Board of Fairfax County stated in his May 21 report to the Administrator of the Retirement Board that sarcoidosis was an inflammatory disease of unknown cause which, in Newman's case, involved both lung and heart.

At Fairfax County's request, Dr. Bernard J. Walsh examined Newman. Dr. Walsh's opinion letter, dated June 12, 1979, determined that Newman suffered from pulmonary but not cardiac sarcoidosis. The letter described the disease as one of "unknown cause, in no way related to one's occupation", occurring ten times more frequently among blacks than whites. Dr. Walsh positively concluded that fire fighting did not cause Newman's disease.

---

[2] "Sarcoidosis" is defined as "a disease of unknown etiology characterized by widespread granulomatous lesions that may affect any organ or tissue of the body . . . ." *Taber's Cyclopedic Medical Dictionary* (14th ed. 1981).

Dr. Apter's final letter of July 20 reiterated his previous opinion and stated further:

> I again wish to make it clear pulmonary sarcoidosis is a disease of unknown cause and a definite cause and effect relationship between his medical problem and his employment can not be made. I do feel, however, that there are certainly elements of his work which could constitute a hazard to his health and I have informed him of the need to avoid smoke and other irritating inhalants.

I. *Did the Evidence Overcome the Statutory Presumption?*

■ Employer argues that, assuming Newman correctly relies on Code § 65.1-47.1, the presumption cannot stand in the face of competent and uncontradicted medical evidence that conclusively shows the disease is not an occupational disease.

Newman takes the position that he has met his burden of proof to show that he suffers from an occupational disease. The Industrial Commission found that he was employed as a fire fighter, that he was found free of any respiratory or heart disease prior to his employment, and that later he suffered from a pulmonary disease. In these circumstances, Newman contends, he is entitled to the presumption of Code § 65.1-47.1, unless the Employer can prove the contrary by a preponderance of the evidence. Newman also contends that the Employer has offered no evidence, medical or otherwise, that the cause of the pulmonary disease is non-work-related.

In making its award in favor of Newman, the Industrial Commission relied heavily upon our ruling in *Page v. City of Richmond*, 218 Va. 844, 241 S.E.2d 775 (1978). There, Page was a fire fighter disabled by a respiratory disease. The physician "found no evidence that [Page's] disability is related to his occupation as a fireman." 218 Va. at 846, 241 S.E.2d at 776. We held that this evidence was insufficient to rebut the statutory presumption upon which Page was entitled to rely. We said:

> The obvious purpose of the rebuttable presumption is to establish by law, in the absence of evidence, a causal connection between . . . disability from certain diseases and the occupation of a fire fighter. The effect of the presumption is to

eliminate the necessity for proof by the claimant of causal connection. Thus, Page had only to prove his occupation as a fireman and his disability from a respiratory disease to make a prima facie case. In the absence of evidence, the statutory presumption prevails and controls. The presumption shifts the burden of going forward with evidence from the claimant to his employer.

Even if the negative finding . . . of no evidence of causal connection is equated *arguendo* with an affirmative finding that there was no causal connection, the rebuttal evidence is still insufficient. *We hold that to rebut the statutory presumption, the employer must adduce competent medical evidence of a non-work-related cause of the disabling disease, and there is no such evidence in the record before us.* [Emphasis added.]

218 Va. at 847-48, 241 S.E. 2d at 777.

Later, in *Berry v. County of Henrico,* 219 Va. 259, 247 S.E. 2d 389 (1978), we faced a factually similar situation and reaffirmed our holding in *Page* that " '. . . *the employer must adduce competent medical evidence of a non-work-related cause of the disabling disease . . .' in order to rebut the statutory presumption.''* 219 Va. at 265, 247 S.E.2d at 392. (Emphasis added.)

In the case at hand, the Employer has offered no evidence of a non-work-related cause of the disability. We agree with the ruling of the Industrial Commission that the Employer did not meet its burden of proof to overcome the statutory presumption.

## II. *Due Process Violation.*

█ We next consider the Employer's contention that the presumption created by Code § 65.1-47.1 denies the Employer due process of law under the Fourteenth Amendment of the United States Constitution and Article I, § 11 of the 1971 Virginia Constitution.[3] In *Crenshaw v. Commonwealth,* 219 Va. 38, 245 S.E.2d 243 (1978), we outlined the test for determining the validity of a statute which makes the proof of one particular fact presumptive evidence of another fact. For such a statute to be upheld as constitutional, (1) a "natural and rational" evidentiary nexus must exist

---

[3] For a list of other jurisdictions dealing with this same question, *see Colgan* v. *Board of County Comm'rs.,* 21 Md. App. 331, 337-45, 320 A.2d 82, 86-90 (1974), *aff'd.,* 274 Md. 193, 334 A.2d 89 (1975).

between the fact proved and the fact presumed and (2) the presumption must be rebuttable. 219 Va. at 42, 245 S.E.2d at 246. If the presumption contained in Code § 65.1-47.1 complies with this two-prong standard, it withstands constitutional attack.

■ The Employer argues that the legislature cannot declare something to be true which is not true without violating the first prong of the *Crenshaw* test. The legislature, in enacting Code § 65.1-47.1, necessarily considered whether to shift the burden of proving the relationship between occupation and disease from the fireman to his employer. The legislature knew that the causes of pulmonary and cardiac diseases are unknown and that the medical community is split regarding the impact of stress and work environment on these diseases. Fire fighters, in the course of their duties, often inhale smoke, noxious fumes and other harmful pollutants and, hence, are particularly vulnerable to respiratory diseases. The legislature's conclusion that a fire fighter who contracts a respiratory disease after he has started work suffers from an occupational disease is a reasonable and logical deduction. Thus, a "natural and rational nexus" exists between the occupation and the disease. Other jurisdictions have upheld similar statutes under this reasoning. *See, e.g., Schave v. Department of State Police,* 58 Mich. App. 178, 227 N.W.2d 278 (1975); *Sperbeck v. Department of Industry, Labor & Human Relations,* 46 Wis.2d 282, 174 N.W.2d 546 (1970).

The United States Supreme Court, construing a provision of the Black Lung Benefits Act of 1972 in the recent case of *Usery v. Turner Elkhorn Mining Co.,* 428 U.S. 1 (1976), addressed the same issue. The statute provides that if a miner with ten years employment in the mines suffers from black lung or dies of a respiratory disease, then he will be presumed to have contracted the disease from his employment. Both presumptions are expressly rebuttable, shifting the burden of proof to the mine operator. The Court upheld both provisions as non-violative of due process of law. In matters involving economic regulation the Court accords significant weight to Congress's determination of rationality because that determination rests on a foundation of empirical data unavailable to the Court. 428 U.S. at 28.

The case at bar also involves economic regulation based on information unavailable to this court; therefore, the legislature's determination that a rational connection exists should be accorded great weight. The Employer is merely dissatisfied with the legisla-

ture's decision and seeks a judicial reconsideration of the issue. However, the Employer adds nothing new to a question that has been thoroughly considered by the legislature. Accordingly, we find that a rational relationship exists between a fire fighter's disability due to respiratory illness and a presumption that such illness constitutes an occupational disease compensable under the Workmen's Compensation Act. In this respect Code §65.1-47.1 does not violate the Employer's constitutional rights.

■ The second prong of the *Crenshaw* test requires the presumption to be rebuttable. The Employer argues that the presumption in question is essentially irrebuttable because the etiology of pulmonary sarcoidosis is unknown, thus it cannot prove a non-work-related cause of the disease. We look to our previous decisions in *Page v. City of Richmond, supra,* and *Berry v. County of Henrico, supra.*

At present, evidence tending to either prove or disprove employment-related causation of cardio-pulmonary disease is frequently non-existent. In light of this situation, the General Assembly formulated Code § 65.1-47.1 to benefit and protect the employee. In the instant case, the Employer concedes our holding in both *Page* and *Berry,* but argues that, in cases where no positive evidence exists, a conclusive presumption is created which is necessarily unconstitutional. We disagree.

The legislature was making a public policy judgment in its allocation of the burden of proof—the ultimate risk of nonpersuasion—in these cases. The fact that it chose to cast that burden upon the employer infringes no constitutional right. It is of no constitutional significance that the present state of medical science and the healing arts places a greater burden on the employer. Such burden on the employer is similar, we believe, to the burden upon an insurance carrier who relies upon suicide as a defense to an accident policy where the insurer has the burden of proving suicide, not just by a preponderance but by clear and satisfactory evidence excluding with reasonable certainty every hypothesis of death by other causes. *Life and Casualty v. Daniel,* 209 Va. 332, 163 S.E.2d 577 (1968). As long as an employer may introduce evidence in rebuttal of the presumption, the employer's constitutional rights of due process have been protected. The absence of evidence is a problem of proof and does not automatically make the presumption irrebuttable. Accordingly, we find that in the instant case the Employer was not denied due process of law.

For the foregoing reasons the award of the Industrial Commission will be

*Affirmed.*