## PAUL W. DOSS, JR.

### V.

## FAIRFAX COUNTY FIRE AND RESCUE DEPARTMENT

Record No. 840535

Decided June 14, 1985, at Richmond

Present: All the Justices

*R. Craig Jennings (Slenker, Brandt, Jennings & Johnson*, on brief), for appellant.

*Peter D. Andreoli, Jr., Assistant County Attorney (David T. Stitt, County Attorney*, on brief), for appellee.

PER CURIAM.

This is an appeal by a claimant from an adverse award entered by the Industrial Commission in a workers' compensation case. We consider whether the employer's medical evidence was sufficient to overcome the presumption of occupational disease afforded to fire fighters, and certain others, by Code § 65.1-47.1.

The evidence adduced at the hearing on the employee's application for disability benefits shows that Paul W. Doss, Jr., began work as a fire fighter with Fairfax County Fire Department in 1969. The physical examinations conducted before he was employed and annually thereafter until 1982 revealed no evidence of respiratory or pulmonary complications. In December 1982, Doss began experiencing spells of wheezing and coughing when he tried to sleep. In February 1983, he made an appointment with Dr. George C. Bazaco, a specialist in pulmonary disease. Dr. Bazaco conducted relevant diagnostic tests, hospitalized Doss for five days, and, by letter dated August 18, 1983, reported a diagnosis of "acute bronchospasms" and "asthma". On August 25, 1983, the employer's physician recommended "light duty in a job that fits [his] limitations".

Dr. Frank D. Fusco, a specialist in diseases of the chest, reviewed Doss' hospital and medical records and conducted a physical examination. In a report dated September 26, 1983, he noted that Doss' "brother . . . developed asthma . . . and Mr. Doss' children also have respiratory allergy"; that Doss "has a history of 20 years of cigarette smoking"; and that laboratory tests revealed "strong evidence" of allergies. Considering these factors, Dr. Fusco opined that "Mr. Doss' respiratory illness/disability is related to allergic asthma and that this asthma is more than likely a hereditary phenomenon." He could "find no clear-cut incident related to his work as a fireman . . . that might incriminate an on the job exposure as the precipitating cause of an underlying pathologic process such as allergic/hereditary asthma." He felt, however, "that his underlying pulmonary disease does place him at great risk . . . in his occupation as a fireman and . . . that his

asthma creates a certain degree of physical disability such that he should no longer . . . perform the physical acts of a fireman and be exposed to various burning materials."

In a second report dated October 18, 1983, Dr. Bazaco stated that "Mr. Doss has a bronchospastic disorder which may very well be on a hereditary basis. Obviously, when he is exposed to certain stimulants and/or irritants there may very well be an exascerbation [sic] of his symptomatology."

In an opinion dismissing Doss' claim, the deputy commissioner observed that "the claimant presented no medical evidence that his respiratory condition was, in fact, work-related, thereby relying on the statutory presumption". Finding that the concurring opinions of the treating physician and the consulting physician "reflect something more than mere speculation and in fact [constitute] 'competent medical evidence of a non-work-related cause' (i.e. hereditary condition)", he ruled that "the employer has rebutted the presumption established by Section 65.1-47.1."

Upon review, the full Commission, one member dissenting, made the same findings and affirmed the deputy's decision.

We decline to consider one of the errors assigned by the claimant. Three months after the evidentiary hearing, counsel for the claimant tendered to the full Commission a letter indicating that Doss had been granted retirement benefits for service-connected disability. On appeal, Doss argues that "the employer should be estopped from assuming" what Doss terms "inconsistent and mutually contradictory position[s]." This issue is not properly before us. The record does not show that the claimant raised an estoppel question below, and neither of the two opinions under review mentions the question.

Central to the issue properly framed on appeal is our holding that "to rebut the statutory presumption the employer must adduce competent medical evidence of a non-work-related cause of the disabling disease". *Page* v. *City of Richmond*, 218 Va. 844, 848, 241 S.E.2d 775, 777 (1978). Doss argues that Dr. Fusco's opinion that his condition was "more than likely a hereditary phenomenon" is not competent medical evidence within the meaning of our holding in *Page*. Dr. Bazaco, the treating physician, concurred in that opinion, and we believe the Commission's finding was correct.

Our holding is controlled by our decision in *Cook* v. *City of Waynesboro*, 225 Va. 23, 300 S.E.2d 746 (1983). In the first of

two appeals considered there, the claimant, a police officer, assigned error to the Commission's finding that the employer had rebutted the statutory presumption. The medical evidence characterized the claimant's heart disorder as "generally thought to be a congenital anomaly" and one "probably present in all cases and a familial incidence has been observed". *Id.* at 29, 300 S.E.2d at 749. We concluded that "the Commission could properly construe the 'generally thought' language as a positive statement of belief . . . held generally by those in the medical discipline", *id.*, and that "[a] statement that a certain condition is probably present means there is reasonable likelihood of the condition's existence, and this is sufficient to permit a trier of fact to accord the statement probative weight", *id.* at 30, 300 S.E.2d at 749. Finding the medical evidence sufficient to satisfy the test in *Page*, we held that "[b]ecause Cook relied solely upon the statutory presumption and presented no evidence that his heart disease was in fact work-related, the Commission properly denied him compensation for his heart disease claim." *Id.*

The medical evidence in this case is fairly comparable to that in *Cook*, and we uphold the Commission's finding that it was sufficient to overcome the statutory presumption. Since Doss failed to carry his burden of producing medical evidence to prove that his underlying pulmonary condition was work-related, we will affirm the Commission's decision.

*Affirmed.*