Present:  All the Justices

CLAUDE A. BASS, JR.

v.  Record No. 980612

CITY OF RICHMOND
POLICE DEPARTMENT

OPINION BY JUSTICE BARBARA MILANO KEENAN
June 11, 1999

JOHN B. PATTON, JR.

v.  Record No. 980861

LOUDOUN COUNTY BOARD
OF SUPERVISORS


CITY OF HOPEWELL, ET AL.

v.  Record No. 982126

MICHAEL W. TIRPAK


FROM THE COURT OF APPEALS OF VIRGINIA

We consolidated for argument three workers' compensation appeals from the Court of Appeals.  All three cases present the question whether the Workers' Compensation Commission properly concluded that the employers failed to present sufficient evidence to overcome the occupational disease presumption established in Code § 65.2-402(B).  The facts in the three cases differ and will be described separately.

Code § 65.2-402(B) of the Virginia Workers' Compensation Act provides, in relevant part:

Hypertension or heart disease causing the death of, or any health condition or impairment resulting in total

or partial disability of . . . (iii) members of county, city or town police departments [and] (iv) sheriffs and deputy sheriffs . . . shall be presumed to be occupational diseases, suffered in the line of duty, that are covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary.

*BASS v. CITY OF RICHMOND POLICE DEPARTMENT*

In October 1994, Claude A. Bass, Jr., suffered a temporary loss of vision in his left eye and was diagnosed with atherosclerotic blockages of his left carotid and right iliac arteries. He underwent surgery to correct these conditions and was unable to work for about one month after the operation. At the time, Bass was a police captain in the City of Richmond Police Department (the employer), where he had worked since 1964. He had been diagnosed with hypertension in the early 1970's and had taken medication for that condition since the mid-1980's.

In April 1996, Bass filed a claim for workers' compensation benefits under Code § 65.2-402(B), seeking temporary total disability benefits for his hypertension and vascular disease. At a hearing before a deputy commissioner, Bass presented evidence from Dr. Nicolas P. Tulou, his treating physician, who first stated that Bass' employment "in large measure" contributed to his hypertension and vascular disease, but later testified that job stress was only a "plausible" factor in the development of his condition. Dr. Tulou also stated that

2

several non-work-related "risk factors" were present in Bass' case, including a family history of heart disease, a lengthy history of cigarette smoking, high blood cholesterol levels, and excess weight.

Dr. Ronald K. Davis, a vascular surgeon who treated Bass, stated that the probable causes of Bass' condition were "genetic and environmental," but that he could not "rule out" occupational stress as a contributing factor. Dr. Michael L. Hess, a cardiologist who reviewed Bass' medical records at the request of the employer, stated that "it was extremely difficult to incriminate" job stress as the cause of Bass' condition.

The deputy commissioner awarded Bass compensation benefits, and the Commission affirmed the award, noting that Bass presented medical evidence that occupational stress "played some part" in the development of his condition, and that there was "no medical evidence to the contrary." The Commission agreed with the deputy commissioner's conclusion "that, on a somewhat conflicting record, the claimant's evidence was sufficient to bring him within the purview of the presumption."

In a published opinion, the Court of Appeals reversed the Commission's award of benefits and dismissed Bass' claim. City of Richmond Police Dept. v. Bass, 26 Va. App. 121, 493 S.E.2d 661 (1997). The Court noted that two physicians attributed Bass' condition to a genetic cause. Id. at 134, 493 S.E.2d at

3

667. The Court stated that, "[u]nder the standard set forth in [Augusta County Sheriff's Dept. v. Overbey, 254 Va. 522, 492 S.E.2d 631 (1997)], this evidence of a genetic cause sufficiently rebutted the statutory presumption that claimant's heart disease is work-related." Bass, 26 Va. App. at 134, 493 S.E.2d at 667. The Court held that Bass failed to prove by clear and convincing evidence, under Code § 65.2-401, that his disease arose out of and in the course of his employment. Id. at 135, 493 S.E.2d at 667.

*PATTON v. LOUDOUN COUNTY BOARD OF SUPERVISORS*

In July 1994, John B. Patton, Jr., suffered a myocardial infarction, or "heart attack," and underwent emergency cardiac catheterization and angioplasty. The symptoms of the heart attack began while Patton was working on the patrol division evening shift in the Loudoun County Sheriff's Department (the employer), where he had been employed for about 14 years. Patton later had a recurrence of chest pain and, as a result, had coronary artery bypass surgery.

Patton later filed a workers' compensation claim seeking temporary total disability benefits for his heart disease. At a hearing before a deputy commissioner, Patton introduced evidence from Dr. Carey M. Marder, his treating cardiologist. Dr. Marder noted that Patton had "multiple cardiovascular risk factors,"

4

including a past history of cigarette smoking, a history of adult onset diabetes, hypertension, a positive family history for heart disease, and high cholesterol levels in his blood. Dr. Marder stated that it was difficult to say how much of Patton's coronary artery disease was related to the stress of his employment, because "[s]tress as an independent risk factor is very difficult to quantitate."

Dr. Richard A. Schwartz stated that occupational stress, hypertension, a history of cigarette smoking, and possibly diabetes, were identifiable factors causing Patton's heart disease. Dr. Schwartz explained that coronary artery disease is a "multifactorial process" and that none of the above factors could be specifically implicated or excluded.

The employer presented the opinion of Dr. Stuart F. Seides, a cardiologist, who stated that although Patton experienced the onset of his heart attack while on duty as a police officer, "it is highly likely that [the heart attack] would have occurred in or around the same time frame regardless of his activities." Dr. Seides stated that the presence of atherosclerosis is the most important factor in the development of a myocardial infarction, and that the "relationship of occupation to the development of atherosclerosis is virtually nil."

The deputy commissioner awarded benefits to Patton. The Commission affirmed the award, holding that the employer had not

5

excluded work-related stress as a contributing cause of the claimant's heart disease. The Commission noted that both Dr. Marder and Dr. Schwartz concluded that "occupational stress was one of the [causative] factors in the claimant's heart disease."

While the employer's appeal of the Commission's decision was pending in the Court of Appeals, this Court decided the Overbey case. Patton then filed a petition asking the Court of Appeals to remand the entire case to the Commission for reconsideration "under the Overbey standard." Citing Overbey, the Court of Appeals held in an unpublished order that "the evidence of claimant's risk factors and the medical opinions offered constituted 'competent medical evidence of a non-work-related cause' sufficient to rebut the presumption." Board of Supervisors v. Patton, Record No. 2015-97-4 (Feb. 6, 1998). However, since the Court was unable to determine whether Patton had proved "by clear and convincing evidence that his heart disease arose out of and in the course of his employment," the Court remanded the case to the Commission to make specific findings regarding the credibility of conflicting medical evidence. Id.

*CITY OF HOPEWELL v. MICHAEL W. TIRPAK*

In February 1995, Michael W. Tirpak had a "stress test" as part of a routine physical examination scheduled by his employer, the City of Hopewell Police Department (the employer).

6

During the test, Tirpak experienced a burning sensation in his chest and shortness of breath, and an electrocardiogram revealed some coronary abnormalities. A cardiac catheterization showed blockages in three of his coronary arteries. As a result, Tirpak had coronary artery bypass surgery. At the time of surgery, Tirpak was a supervising sergeant of the evening patrol shift for the City of Hopewell Police Department, where he had been employed since 1973.

Tirpak filed a claim for temporary total disability benefits based on his heart disease. At a hearing before a deputy commissioner, Tirpak presented evidence from his treating cardiologist, Dr. Ashok Kumar, who stated that Tirpak had a 30-year history of smoking cigarettes, and that he had a family history of premature coronary artery disease. Dr. Kumar also stated that he could not exclude job-related stress as a cause of Tirpak's heart disease. Dr. J. James Zocco, the cardiac surgeon who performed Tirpak's surgery, stated that work-related stress could not be excluded as a contributing factor in Tirpak's heart disease. Dr. Zocco also stated that Tirpak had other coronary risk factors, including a family history of heart disease, a 30-year history of smoking cigarettes, hypertension, and elevated blood cholesterol levels.

The employer presented evidence from Dr. Stuart F. Seides, a cardiologist who reviewed Tirpak's medical records. Noting

7

Tirpak's several "risk factors," Dr. Seides stated that Tirpak's employment had "nothing whatsoever" to do with his coronary artery disease. The employer also presented evidence from Dr. Jack Freund, a specialist in internal medicine who reviewed Tirpak's medical records. Dr. Freund stated that, based on Tirpak's non-work-related "risk factors" for coronary artery disease, Tirpak's heart disease and heart attack "would have occurred no matter what type of employment he was engaged in."

The deputy commissioner awarded Tirpak benefits, and the Commission affirmed the award, stating that it gave greater weight to the opinion of the treating physicians, who had stated that they could not exclude employment-related stress as one of the contributing factors. The Commission stated that "[t]he employer fails to rebut the [statutory] presumption where a work related factor such as occupational stress is not excluded."

On appeal, the Court of Appeals held that the Commission's language "indicated" that it had applied an incorrect standard, which required the employer to exclude the possibility of a work-related cause of Tirpak's disease without regard to whether he had presented evidence of such a causal link. City of Hopewell v. Tirpak, 28 Va. App. 100, 111-12, 502 S.E.2d 161, 166-67 (1998). The Court vacated the award of benefits and remanded the case to the Commission for further proceedings on

8

the issue whether the employer had overcome the statutory presumption.  Id. at 129, 502 S.E.2d at 175.

APPLICATION OF THE STATUTORY PRESUMPTION

In Code § 65.2-402(B), the legislature included "[h]ypertension or heart disease" among those diseases that "shall be presumed to be occupational diseases . . . unless such presumption is overcome by a preponderance of competent evidence to the contrary."  In Page v. City of Richmond, 218 Va. 844, 847, 241 S.E.2d 775, 777 (1978), we explained that the purpose of the statutory presumption is to establish by law, in the absence of evidence, a causal connection between certain occupations and death or disability resulting from specified diseases.  We held that a claimant firefighter was entitled to compensation benefits because his employer had failed to overcome the statutory presumption by showing both that 1) the claimant's disease was not caused by his employment, and 2) there was a non-work-related cause of the disease.  Id. at 847-48, 241 S.E.2d at 777.

We again applied this two-part test in Fairfax County Fire & Rescue Servs. v. Newman, 222 Va. 535, 281 S.E.2d 897 (1981). There, a firefighter who developed sarcoidosis, a disease affecting the lungs, relied on the statutory presumption of occupational disease provided by former Code § 65.1-47.1.  The employer produced medical testimony that the firefighter's

9

employment did not cause his disease, but the employer failed to present any medical evidence of a non-work-related cause of the disabling disease.  Since the employer failed to prove one of the two elements required to overcome the statutory presumption, we upheld the Commission's award of benefits.  Id. at 539, 281 S.E.2d at 900; see also Berry v. County of Henrico, 219 Va. 259, 265, 247 S.E.2d 389, 392 (1978).

In Doss v. Fairfax County Fire & Rescue Dep't., 229 Va. 440, 331 S.E.2d 795 (1985), we applied the two-part test to a firefighter's claim for benefits for a respiratory disease.  The claimant relied on the statutory presumption and presented no evidence to counter the employer's medical evidence that 1) the claimant's job did not cause his respiratory disability, and 2) the claimant's condition was "more than likely a hereditary phenomenon."  Id. at 441-42, 331 S.E.2d at 795-96.  We held that the Commission did not err in ruling that the employer presented sufficient evidence to overcome the statutory presumption, and that the evidence concerning a "hereditary" cause was sufficient to meet the Page requirement that the employer produce evidence of a non-work-related cause of the disease.  Id. at 442-43, 331 S.E.2d at 796-97.

In Overbey, the employer acknowledged the applicability of the two-part test by conceding that, to overcome the statutory presumption of Code § 65.2-402(B), the employer was required "to

10

establish a non-work-related cause for [the claimant's] heart condition and that job stress was not the cause." 254 Va. at 526, 492 S.E.2d at 633. The claimant contended, however, that the presumption also imposed on the employer the burden of "producing a preponderance of evidence excluding the possibility that his heart disease was work related." Id.

In rejecting the claimant's contention, we quoted from Doss, stating that, to overcome the statutory presumption, the employer merely "must adduce competent medical evidence of a non-work-related cause of the disabling disease." Overbey, 254 Va. at 527, 492 S.E.2d at 634 (quoting Doss, 229 Va. at 442, 331 S.E.2d at 796). This quotation was made in the context of our holding that, to overcome the statutory presumption of Code § 65.2-402(B), an employer is not required to exclude the possibility that job stress may have been a contributing factor in the development of a claimant's heart disease. Id. at 527, 492 S.E.2d at 634. However, because that quotation did not discuss both parts of the two-part test applied in Page and our other decisions, some confusion has resulted regarding the viability of both parts of that test. To clarify this matter, we reaffirm the two-part test employed in Page and our other decisions cited above concerning the elements of proof necessary to overcome the statutory presumption of Code § 65.2-402(B).

11

The claimant in Overbey relied on the statutory presumption of Code § 65.2-402(B) and did not present any medical evidence. The employer presented medical evidence showing that 1) the claimant's job was not a cause of his heart disease, and 2) the disease was caused by several "risk factors," including a history of heavy cigarette smoking, elevated cholesterol, a family history of heart disease, and diabetes mellitus. Id. at 525, 492 S.E.2d at 633. Thus, our holding in Overbey effectively applied the two-part test used in Page, while rejecting the claimant's attempt to add another requirement to the employer's statutory burden for overcoming the presumption established by Code § 65.2-402(B).

*ASSESSMENT OF EVIDENCE UNDER CODE § 65.2-402(B)*

Under the statutory language, the employer may overcome the presumption by producing "a preponderance of competent evidence to the contrary." Code § 65.2-402(B). To overcome the presumption the employer must show, by a preponderance of the evidence, both that 1) the claimant's disease was not caused by his employment, and 2) there was a non-work-related cause of the disease. See Newman, 222 Va. at 539, 281 S.E.2d at 899-900; Page, 218 Va. at 847-48, 241 S.E.2d at 777. Thus, if the employer does not prove by a preponderance of the evidence both parts of this two-part test, the employer has failed to overcome the statutory presumption. Id.

12

The determination whether the employer has met this burden is made by the Commission after exercising its role as finder of fact. In this role, the Commission resolves all conflicts in the evidence and determines the weight to be accorded the various evidentiary submissions. "The award of the Commission . . . shall be conclusive and binding as to all questions of fact." Code § 65.2-706(A); Falls Church Constr. Co. v. Laidler, 254 Va. 474, 478-79, 493 S.E.2d 521, 524 (1997); Ivey v. Puckett Constr. Co., 230 Va. 486, 488, 338 S.E.2d 640, 641 (1986).

In providing that the statutory presumption may be overcome by a preponderance of the evidence to the contrary, Code § 65.2-402(B) implicitly directs the Commission as finder of fact to consider all evidence on the issue of causation presented by the claimant, as well as by the employer. When the Commission determines that the employer has failed to overcome the statutory presumption, the claimant is entitled to an award of benefits under the Act. See Code §§ 65.2-400 to -407.

On appeal from this determination, the reviewing court must assess whether there is credible evidence to support the Commission's award. Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 326 S.E.2d 687, 690 (1985); Hercules, Inc. v. Gunther, 13 Va. App. 357, 361, 412 S.E.2d 185, 187 (1991). Thus, unlike the Commission, the reviewing court is not charged with determining anew whether the employer's evidence of causation

13

should be accorded sufficient weight to constitute a preponderance of the evidence on that issue. See Celanese Fibers Co., 229 Va. at 121, 326 S.E.2d at 690; Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983); Macica v. ARA Servs. Tidewater Vending, 26 Va. App. 36, 41, 492 S.E.2d 843, 846 (1997); Shawnee Management Corp. v. Hamilton, 25 Va. App. 672, 679, 492 S.E.2d 456, 459 (1997).

*BASS v. CITY OF RICHMOND POLICE DEPARTMENT*

*PATTON v. LOUDOUN COUNTY BOARD OF SUPERVISORS*

Based on the foregoing discussion, we disagree with the employers' assertion that, since undisputed evidence showed there were non-work-related causes of both claimants' heart disease, this evidence was sufficient as a matter of law to overcome the statutory presumption. As we have stated, to overcome the statutory presumption, the employer must show by a preponderance of the evidence both that 1) the claimant's disease was not caused by his employment, and 2) there was a non-work-related cause of the disease. See Newman, 222 Va. at 539, 281 S.E.2d at 899-900; Page, 218 Va. at 847-48, 241 S.E.2d at 777. Thus, we conclude that the evidence of non-work-related causes of Bass' and Patton's heart disease, standing alone, did not overcome the statutory presumption, because that evidence satisfied only one part of the two-part test.

14

We disagree, however, with the claimants' assertions that the records in their cases permit us to enter final judgment reinstating the Commission's awards.  In both cases, the Commission failed to address the applicable two-part test and state whether the employer had met its statutory burden to overcome the presumption of Code § 65.2-402(B) by a preponderance of the evidence.  Therefore, we will reverse both judgments of the Court of Appeals, vacate the Commission's awards, and remand the cases to the Court of Appeals for remand to the Commission to reconsider the evidence presented in accordance with the principles expressed in this opinion.

### CITY OF HOPEWELL v. TIRPAK

The employer first contends that the Court of Appeals erred in upholding the Commission's determination that the claimant's evidence established a communication of occupational disease on February 17, 1995.  We disagree with this contention, because the Commission's factual findings are binding on appeal.  See Code § 65.2-706(A); Falls Church Constr. Co. v. Laidler, 254 Va. at 478-79, 493 S.E.2d at 524; Ivey v. Puckett Constr. Co., 230 Va. at 488, 338 S.E.2d at 641.  Here, the Commission relied on the claimant's testimony that Dr. Kumar told him on that date that his heart disease was caused by "stress on the job."  Since the Commission accepted the claimant's testimony on this issue,

15

we conclude that the Court of Appeals properly refused to disturb the Commission's factual finding on appeal.

The employer next asserts that the Court of Appeals "ignored the concession by Tirpak that Hopewell had rebutted the heart disease presumption." We disagree with the employer's argument, because the record shows that Tirpak conceded only that "non-work-related causes [of his disease] were adduced by the employer." He made no further concession, but merely addressed the proper outcome of the case in the event the Court of Appeals concluded that the employer had overcome the presumption.

Next, we disagree with the employer's argument that it would be denied due process if the statutory presumption is upheld in the face of credible evidence of non-work-related causes of the claimant's disease. In Newman, we stated that, by establishing the statutory presumption, the legislature made a public policy judgment allocating to the employer a burden of proof that carried the ultimate risk of non-persuasion. 222 Va. at 541, 281 S.E.2d at 901. We explained that the legislature's decision "to cast that burden upon the employer infringes no constitutional right," because the employer may introduce evidence to overcome the statutory presumption. Id. Thus, the employer's right of due process is not violated by requiring it

to produce a preponderance of the evidence in accordance with the two-part test set forth above.

We also find no merit in the employer's central contention in this appeal, that the employer met the burden of proof set forth in Overbey to overcome the statutory presumption by proving a non-work-related cause of Tirpak's disease. As stated above, proof by a preponderance of the evidence of a non-work-related cause of a claimant's disease satisfies only one part of the two-part test applied in Overbey and several of our earlier decisions. To overcome the statutory presumption, the employer must also establish by a preponderance of the evidence that the claimant's disease was not caused by his employment. See Newman, 222 Va. at 539, 281 S.E.2d at 899-900; Page, 218 Va. at 847-48, 241 S.E.2d at 777.

Although we disagree with the Court of Appeals' characterization of the Commission's decision, we observe that the Commission did not state whether the employer met the required two-part test in accordance with its statutory burden of producing a preponderance of the evidence to overcome the presumption. Therefore, on remand, the Commission will be required to reconsider the evidence under that standard.

Finally, we note that we have considered the remaining assignments of error raised by the employer. We conclude that they do not require discussion because they are resolved by our

17

earlier analysis in this opinion, are beyond the scope of the judgment appealed from, or are without merit.

For these reasons, we will affirm that part of the Court of Appeals' judgment addressing the issues of subject matter jurisdiction,[*] due process, date of communication of occupational disease, and the absence of a concession by Tirpak regarding the statutory presumption.  We will vacate the balance of the Court of Appeals' judgment, vacate the Commission's award of benefits to Tirpak, and remand the case to the Court of Appeals for remand to the Commission to reconsider the evidence presented in accordance with the principles expressed in this opinion.

Record No. 980612  Reversed and remanded.
Record No. 980861  Reversed and remanded.
Record No. 982126  Affirmed in part,
                   vacated in part,
                   and remanded.

---

[*]In its brief filed in this case, the employer withdrew its assignment of error challenging the Commission's subject matter jurisdiction.