COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Frank and Humphreys
Argued at Salem, Virginia


SHERMAN ROY DELP

                                            MEMORANDUM OPINION* BY
v.    Record No. 1393-00-3          JUDGE ROBERT J. HUMPHREYS
                                               FEBRUARY 27, 2001
GALAX (CITY OF) POLICE AND
 VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            Joseph J. Steffen, Jr., for appellant.

            Ralph L. Whitt, Jr. (Williams, Lynch & Whitt,
            P.C., on brief), for appellees.


     Sherman Roy Delp appeals a decision of the Workers'

Compensation Commission denying his claim for medical and wage

benefits incurred due to his myocardial infarction of November

5, 1996.[1]  Delp contends that his employer, the City of Galax

Police Department (employer), failed to establish by a

preponderance of evidence that work-related factors did not have

---

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

     [1]  On June 30, 1999, a panel of this Court initially
considered this appeal, styled as Record No. 2599-98-3.  At that
time, we ordered the matter reversed and remanded and directed
the commission to enter findings of fact consistent with the
requirements of Bass v. City of Richmond Police Dep't, 258 Va.
103, 515 S.E.2d 557 (1999), a case decided by our Supreme Court
during the pendency of the appeal.  The present appeal stems
from the commission's decision on remand.

a causative role in Delp's development of heart disease.

Finding no error, we affirm the commission's decision.

Code § 65.2-402(B) provides the following in pertinent part:

> Hypertension or heart disease causing the death of, or any health condition or impairment resulting in total or partial disability of . . . members of county, city or town police departments . . . shall be presumed to be occupational diseases, suffered in the line of duty, that are covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary.

The Supreme Court of Virginia has explained that:

> Under the statutory language, the employer may overcome the presumption by producing "a preponderance of competent evidence to the contrary."  To overcome the presumption the employer must show, by a preponderance of the evidence, both that 1) the claimant's disease was not caused by his employment, and 2) there was a non-work-related cause of the disease.  Thus, if the employer does not prove by a preponderance of the evidence both parts of this two-part test, the employer has failed to overcome the statutory presumption.
>
> The determination whether the employer has met this burden is made by the Commission after exercising its role as finder of fact. In this role, the Commission resolves all conflicts in the evidence and determines the weight to be accorded the various evidentiary submissions.  "The award of the Commission . . . shall be conclusive and binding as to all questions of fact."

Bass v. City of Richmond Police Dep't, 258 Va. 103, 114, 515 S.E.2d 557, 562-63 (1999) (citations omitted).

Here, the evidence established that Delp, age 55 at the time of the hearing, was employed as a police officer with employer for 25 years. His various positions required him to perform many stressful duties, such as traffic control, making arrests, intercession in domestic disputes, and maintaining order throughout the municipality. He often had to use physical force and draw his weapon, and testified that he was "always on the run," and "never" got "to relax." Delp also consistently smoked two to three packs of cigarettes per day for approximately 30 years. He exercised poor dietary habits and had a family history of heart disease. Prior to 1996, Delp had been diagnosed with high cholesterol, hypertension and non-insulin dependent diabetes.

On November 5, 1996, Delp experienced persistent shoulder pain which prompted him to seek treatment on November 7, 1996. Attending physicians diagnosed Delp with a myocardial infarction (heart attack). As a result, Delp underwent cardiac catheterization and five-vessel coronary by-pass surgery. He was discharged on November 16, 1996.

Dr. Rodney Savage, the physician who performed Delp's catheterization, opined on January 2, 1997, that Delp's cardiac risk factors were "age, male sex, smoking, hypercholesterolemia and aterial hypertension plus positive family history . . . ." Dr. Savage reported that Delp felt his employment had led "to

- 3 -

poor eating habits, stress on the job with associated hypertension, and continued smoking."  In a report of March 20, 1997, Dr. Savage noted that he suspected these factors "to some degree, add[ed] to his non-job related cardiac risk factors."

When deposed on June 10, 1997, Dr. Savage declined to assert that the job stress actually caused the heart attack, but he could not exclude work-related stress as a contributing factor to the heart attack or the underlying disease.  He stated:

> I frankly feel that [Delp's] lifestyle
> habits were so profoundly irresponsible that
> -- for so many years that it is hard for me
> to be highly supportive of the thought that
> it was his job that did it to him. . . .
>
>  *     *     *     *     *     *     *
>
> [H]is many non-job-related risk factors were
> adequate to explain his development of
> severe diffuse atherosclerosis.  Whether or
> not job stress played some role in
> precipitating his heart attack, I can't
> answer . . . .  [W]hether or not he spent
> years on a police force hot reacting,
> exacerbating his underlying risk factors, I
> can't tell you.  I don't have objective data
> to support that.

On March 10, 1997, Dr. Stephen Irvin, Delp's family physician, wrote a letter to Delp's counsel stating that Delp's employment in a high stress job "could have lead [sic] to his recent heart attack."  On March 11, 1997, Dr. Strain also wrote a letter to Delp's counsel and stated that there were many risk factors for coronary disease, such as "diabetes, hypertension,

- 4 -

smoking, family history, hyperlipidemia, and also high stress."

He opined that it was "certainly possible" that Delp's "high

stress, high exertion job played a role in his heart attack by

possibly precipitating the heart attack due to stress."

Dr. Stuart F. Seides, cardiologist, reviewed Delp's medical

records and opined on June 2, 1997 that his heart disease could

not reasonably be attributed to his employment.  Dr. Michael L.

Hess, cardiologist, also read the medical records and concluded

on June 5, 1997 that Delp's heart disease, and his myocardial

infarction, resulted from multiple risk factors, not job-related

stress.

> The weight to be given the evidence,
> the credibility of witnesses, and the
> resolution of conflicting medical evidence
> are matters solely for the commission to
> decide.  "[A] finding by the Commission upon
> conflicting facts . . . is conclusive and
> binding . . ., absent fraud, when such
> determination is supported by competent,
> credible evidence."  "On review, we
> determine whether the evidence was
> sufficient to support the finding of fact
> reached by the Commission, not whether the
> evidence was sufficient to have supported a
> contrary finding."

City of Portsmouth Sheriff's Dep't v. Clark, 30 Va. App. 545,

553, 518 S.E.2d 342, 346 (1999) (citations omitted).

Delp argues that employer failed to show, by a

preponderance of the evidence, that there was no work-related

- 5 -

cause of Delp's heart condition.[2]  In support of his argument,

Delp relies on an unpublished decision of this Court in which we

held evidence that job-related stress is one of several factors

contributing to a claimant's heart disease, if found credible by

the commission, is sufficient to prevent an employer from

proving the first prong required to rebut the presumption.

However, Delp fails to recognize that there is simply no

authority requiring an employer to affirmatively exclude

job-related factors as <u>potentially</u> contributing to or causing

the disease.  In fact, our Supreme Court reiterated its holding

to this effect in <u>Bass</u> stating, "in the context of our holding

[in <u>Augusta County Sheriff's Dep't v Overbey</u>, 254 Va. 522, 492

S.E.2d 631 (1997),] . . . an employer is not required to exclude

the <u>possibility</u> that job stress may have been a contributing

factor in the development of a claimant's heart disease."  <u>Bass</u>,

258 Va. at 113, 515 S.E.2d at 562 (emphasis in original).

In this case, the commission found the following:

> Dr. Savage refused to link [Delp's]
> employment stress to his heart attack.
> While Dr. Savage could not exclude
> work-related stress as a contributing
> factor, he neither included it. . . .  Dr.
> Irvin merely concluded that job stress <u>could</u>
> have led to the heart attack.  Dr. Strain
> also referred . . . to the mere possibility
> that stress played a role in the heart

---

[2] Delp concedes in his brief on appeal that employer established the second prong of the <u>Bass</u> test.  Namely, that there was a "non-work-related cause of the disease."  Therefore, we do not address this issue further.

attack. Neither Dr. Irvin or [sic] Dr. Strain implicated work-related stress as a probable contributing cause.

On the other hand, Dr. Seides concluded that [Delp's] heart disease could not be reasonably attributed to his employment and Dr. Hess opined that the cardiac condition resulted from [Delp's] multiple risk factors, not job-related stress. We find the positive opinions of Drs. Seides and Hess to be persuasive. These opinions are essentially uncontradicted, as the other physicians merely raise the possibility that job stress is a contributing cause of [Delp's] disease.

From this evidence, the employer has shown that work stress was not a probable cause of [Delp's] heart condition. Accordingly, we find that the employer has proven both parts of the Bass test and rebutted the presumption.

As the commission correctly noted, none of the medical evidence presented, even by Delp's own physicians, affirmatively related his employment as a contributing factor or cause of his heart condition. Instead, the evidence spoke only in terms of possibilities. Thus, viewing the evidence in the light we must, we cannot hold that the commission erred in finding that employer met the requisite burden of proof to establish that Delp's heart condition was not caused by his employment.

Affirmed.