COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Hodges
Argued at Salem, Virginia


WYTHEVILLE (TOWN OF) LAW ENFORCEMENT AND
 VIRGINIA MUNICIPAL GROUP
 SELF-INSURANCE ASSOCIATION
                                    MEMORANDUM OPINION* BY
v.    Record No. 2689-02-3           JUDGE WILLIAM H. HODGES
                                        APRIL 8, 2003
JERRY EDWARD WHEELER


         FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Ralph L. Whitt, Jr. (Michael P. Del Bueno;
              Whitt & Associates, on briefs), for
              appellants.

              Ginger J. Largen (Morefield & Largen, P.L.C.,
              on brief), for appellee.


     Wytheville (Town of) Law Enforcement and its insurer

(hereinafter referred to as "employer") appeal a decision of the

Workers' Compensation Commission awarding temporary total

disability benefits and medical benefits to Jerry Edward Wheeler

(claimant) for an occupational disease, heart disease.  Employer

contends the commission erred in (1) finding that employer

failed to rebut the statutory presumption set forth in Code

§ 65.2-402; (2) finding that employer failed to prove a specific

non-work-related cause resulted in claimant's heart disease;

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

(3) applying an incorrect legal standard by holding that employer did not prove by a preponderance of the evidence "that a specific, non-work related cause resulted in the claimant's heart disease"; (4) finding that employer failed to prove that claimant's employment was not a cause of his heart disease; (5) applying an incorrect legal standard in concluding that employer failed to prove that claimant's employment was not a cause of his heart disease; (6) finding that the medical evidence from Dr. Holly L. Smith, claimant's family physician, preponderated in establishing that claimant's employment was a cause of his heart disease; and (7) finding that the medical evidence from Dr. Bruce L. Fariss, claimant's endocrinologist, preponderated in establishing that the claimant's employment was a cause of his heart disease. For the following reasons, we affirm the commission's decision.

On appeal, we view the evidence in the light most favorable to the prevailing party below. R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

> The factual findings of the commission are conclusive and binding on appeal if supported by credible evidence in the record. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." "This rule applies when an expert's opinion contains internal conflict." "Likewise, the [c]ommission's conclusions upon conflicting inferences, legitimately drawn from proven facts, are equally binding on appeal." "In determining whether credible evidence exists, the

> appellate court does not retry the facts,
> reweigh the preponderance of the evidence,
> or make its own determination of the
> credibility of the witnesses."

Henrico County Sch. Bd. v. Etter, 36 Va. App. 437, 443-44, 552 S.E.2d 372, 375 (2001) (citations omitted).

Code § 65.2-402(B) provides in pertinent part as follows:

> Hypertension or heart disease causing . . .
> any health condition or impairment resulting
> in total or partial disability of . . .
> members of county, city or town police
> departments . . . shall be presumed to be
> occupational diseases, suffered in the line
> of duty, that are covered by this title
> unless such presumption is overcome by a
> preponderance of competent evidence to the
> contrary.

To rebut this presumption, "the employer must show, by a preponderance of the evidence, both that 1) the claimant's disease was not caused by his employment, and 2) there was a non-work-related cause of the disease." Bass v. City of Richmond Police Dep't, 258 Va. 103, 112, 515 S.E.2d 557, 561-62 (1999).

In providing that the statutory presumption may be overcome by a preponderance of the evidence to the contrary, Code § 65.2-402(B) implicitly directs the commission as finder of fact to consider all evidence on the issue of causation presented by the claimant, as well as by the employer. When the commission determines that the employer has failed to overcome the statutory presumption, the claimant is entitled to an award of benefits under the Act. See Code §§ 65.2-400 to -407. On

- 3 -

appeal from this determination, the reviewing court must assess whether there is credible evidence to support the commission's award. Bass, 258 Va. at 114, 515 S.E.2d at 563.

Although employer raised numerous "Questions Presented" in its opening brief, the dispositive issue is whether employer rebutted the first prong of the Bass test, that is, whether the evidence preponderated in showing that claimant's work was not a contributing cause of his heart disease.

In ruling that the evidence did not preponderate to prove that claimant's work was not a cause of the development of his heart disease, the commission found as follows:

> Dr. Smith directly attributed the claimant's cardiac condition to his occupation. She advised on October 18, 2001, that the claimant's work schedule "significantly contributed to his cardiac disease, worsening of diabetic control, and blood pressure control, therefore increasing and accelerating his heart disease." Subsequently, Dr. Smith concluded that the claimant should not return to work to avoid accelerating his cardiac condition. Similarly, Dr. Fariss agreed that the claimant's swing-shift schedule hindered his ability to control his diabetes.
>
> Dr. Greenfield considered non-work-related risk factors to be the likely causes of the claimant's heart disease. However, he did not rule out the claimant's employment as a cause of his heart condition. Instead, Dr. Greenfield testified that he had no opinion on causation . . . .

The opinions of Drs. Smith and Fariss, along with Dr. Greenfield's refusal to render any definitive opinion as to

- 4 -

whether claimant's employment was a cause of his heart disease, constitute credible evidence to support the commission's finding that employer failed to show by a preponderance of the evidence that claimant's work was not a cause of his heart disease. Thus, because employer did not meet its burden under the first prong of the Bass test, it failed to rebut the statutory presumption contained in Code § 65.2-402(B).

Employer argues that the commission took portions of Dr. Greenfield's deposition testimony out of context and ignored the balance of his testimony. To the contrary, the commission weighed Dr. Greenfield's testimony and concluded that he could not rule out claimant's employment as a cause of his heart disease. "Although some of [the physician's] . . . statements . . . may arguably conflict with each other, the commission, as fact finder, was entitled to determine the weight, meaning, and credibility to give his respective responses and statements and to reconcile any possible conflicts therein." Etter, 36 Va. App. at 445, 552 S.E.2d at 375. In light of Dr. Greenfield's arguably conflicting statements, the commission, as fact finder, was entitled to conclude that he did not render any opinion as to whether claimant's employment was a contributing cause of his heart disease. Thus, credible evidence supports the commission's conclusion that Dr. Greenfield's testimony was not sufficient to prove by a

preponderance of the evidence that claimant's employment was not a cause of his heart disease.

Employer also argues that the commission gave undue weight to the opinions of Drs. Smith and Fariss in finding that employer failed to establish by a preponderance of the evidence that claimant's employment was not a contributing factor in the development of his heart disease. As fact finder, the commission was entitled to weigh the medical evidence, and determine what weight, if any, to assign to the physicians' opinions. The commission weighed the medical evidence, and concluded that Dr. Smith directly attributed claimant's heart condition to his employment and that Dr. Fariss agreed that claimant's shift-work hindered his ability to control his diabetes. Credible evidence, including Dr. Smith's October 18, 2001 letter to claimant's counsel and Dr. Fariss's March 14, 2001 office notes, supports those commission findings, and they will not be disturbed on appeal.

Because we find that credible evidence supports the commission's finding that employer failed to prove by a preponderance of the evidence that claimant's employment was not a contributing cause of his heart disease, we need not consider whether the evidence was sufficient to prove the second prong of the Bass test in order to conclude that employer has failed to rebut Code § 65.2-402's presumption that claimant's heart disease is occupational. We find no merit in employer's

argument that the commission applied an incorrect legal standard in rendering its decision.

For these reasons, we affirm the commission's decision.

<u>Affirmed.</u>