COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Felton and Senior Judge Willis


AMERICAN SERVICE CENTER AND
 CONNECTICUT INDEMNITY COMPANY

v.       Record No. 2163-03-4

RANDY G. MAUCK

MEMORANDUM OPINION*
PER CURIAM
DECEMBER 16, 2003


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

(Joseph F. Giordano; Vanessa L. Crockett; Semmes, Bowen &
Semmes, P.C., on brief), for appellants.

(Gregory P. Perigard; Burgess, Kernbach & Perigard, PLLC, on
brief), for appellee.


American Service Center and its insurer (hereinafter referred to as "employer") contend

the Workers' Compensation Commission erred in finding that Randy G. Mauck (claimant)

proved he sustained a brain injury as a result of his compensable July 19, 2000 injury by

accident.  Upon reviewing the record and the parties' briefs, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the commission's decision.  Rule 5A:27.

On appeal, we view the evidence in the light most favorable to the prevailing party

below.  R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990).

In its role as fact finder, the commission "resolves all conflicts in the evidence and determines

the weight to be accorded the various evidentiary submissions."  Bass v. City of Richmond

Police Dep't, 258 Va. 103, 114, 515 S.E.2d 557, 563 (1999).  When based on credible evidence,

the commission's judgments are "'conclusive and binding as to all questions of fact.'"  Id.

---

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

(quoting Code § 65.2-706(A)); see also Westmoreland Coal Co. v. Russell, 31 Va. App. 16, 20, 520 S.E.2d 839, 841 (1999). Moreover, "the commission's conclusions upon conflicting inferences, legitimately drawn from proven facts, are equally binding on appeal." Watkins v. Halco Eng'g, Inc., 225 Va. 97, 101, 300 S.E.2d 761, 763 (1983). Our deference to the commission's fact finding applies "'even though there is evidence in the record to support a contrary finding.'" S.P. Terry Co. v. Rubinos, 38 Va. App. 624, 632, 567 S.E.2d 584, 588 (2002) (citation omitted).

In ruling that claimant proved he sustained a brain injury, which arose out of and in the course of his employment on July 19, 2000, and was causally related to his compensable July 19, 2000 injury by accident, the commission found as follows:

> The claimant testified that he received blows to the head that rendered him unconscious. More significantly, the claimant presented opinions from two treating physicians that supported his position. Dr. [Nadia E.] Webb unequivocally agreed that the claimant suffered a brain injury during the accident. Dr. [Jonathan] Amy also affirmed that the claimant sustained a brain injury.
>
> We acknowledge that Dr. Amy clarified that there was "no injury per se" when asked if there was an identifiable injury. However, this distinction does not negate Dr. Amy's opinion that a brain injury resulted from the accident. It is noted that Dr. Amy had previously diagnosed the claimant as having suffered a concussion and that in his September 16, 2002 responses to the questionnaire forwarded to him by the claimant's counsel, he indicated that his treatment was rendered for a *brain injury*. The employer and insurer presented no contrary opinion.

Claimant's testimony, coupled with the medical records and opinions of Dr. Amy, the treating neurologist, and Dr. Webb, the treating neuropsychologist, constitute credible evidence to support the commission's finding. Claimant was diagnosed with post-concussive syndrome as a result of a brutal attack perpetrated upon him by a co-worker on July 19, 2000. In that attack, the perpetrator ripped off claimant's ear, hit him in the temple and the back of the head, caused a

large bump on the front of his head, knocked out some of his teeth, knocked his jaw out of alignment, and rendered him unconscious. Claimant underwent C5-C6 fusion surgery as a result of the attack and suffers from severe headaches one to two times per week. Dr. Webb unequivocally opined that claimant sustained a brain injury as a result of the July 19, 2000 compensable work-related accident. Although Dr. Amy opined that there was "no injury per se," he responded "yes" and identified "post concussive syndrome," in response to claimant's counsel's written question as to whether claimant sustained an identifiable brain injury in his July 19, 2000 work accident. Dr. Amy also acknowledged that claimant's July 19, 2000 brain injury required medical treatment.

We agree with the commission that employer's reliance upon Daniel Constr. Co. v. Tolley, 24 Va. App. 70, 480 S.E.2d 145 (1997), is misplaced. As the commission recognized:

> Tolley involved a claim for permanent total disability benefits under § 65.2-503(C)(3), which allows compensation for an injury "to the brain which is so severe as to render the employee permanently unemployable in any gainful employment." In this claim, the claimant does not seek permanent total disability benefits and is not required to prove that any brain injury he has suffered is "an irreversible brain injury."

Because there is credible evidence to support the commission's finding that claimant proved he sustained a brain injury as a result of his compensable July 19, 2000 injury by accident, we will not disturb that finding on appeal. Accordingly, we affirm the commission's decision.

Affirmed.