PAUL D. IVEY

V.

JERRY P. PUCKETT CONSTRUCTION COMPANY, ET AL.

Record No. 841790

January 17, 1986

Present: All the Justices

*Michael W. Heaviside (Ashcraft & Gerel*, on brief), for appellant.

*Edward H. Grove, III (Michael L. Zimmerman; Brault, Palmer, Grove & Zimmerman*, on brief), for appellees.

COMPTON, J., delivered the opinion of the Court.

Code § 65.1-38 of the Virginia Workers' Compensation Act deals with willful misconduct and provides that no compensation shall be allowed for injury or death "[d]ue to intoxication." The statute further provides that the burden of proof shall be upon the party claiming an exemption under this section.

The sole issue in this appeal is whether the employer established by a preponderance of the evidence a defense of willful misconduct by intoxication, and, if so, whether such intoxication was the proximate cause of the claimant's industrial accident.

On January 20, 1984, appellant Paul D. Ivey, the claimant, was injured in a single-vehicle accident in King George County while employed as an ironworker for appellee Jerry P. Puckett Construction Company. The employer and its insurer stipulated the accidental injury and resulting incapacity but defended Ivey's claim under Code § 65.1-38, asserting the claimant's injuries resulted from intoxication due to consumption of alcoholic beverages. After a hearing, a deputy commissioner determined the employer had established its defense and denied the claim. Upon review, the full Commission unanimously agreed with the findings of fact of the hearing commissioner and likewise denied the claim, giving rise to this appeal by the claimant.

On the day of the accident, a Friday, the claimant and two other workers left their job site in Bowie, Maryland, about 4:30 p.m. in a company-owned pick-up truck operated by the claimant. The trio was returning at the end of the work day to their homes in Virginia. After departing the work place, the claimant purchased a "12 pack" of beer containing 12-ounce cans. Snow was falling and the highways were wet.

During the 60-mile trip to his home, the claimant "let the other two fellows off" and continued to State Route 610, a paved secondary road. The road had snow on it and "ice in spots." According to the claimant, he "come up over a little hill and the rear of the truck started sliding." He testified that he "cut the wheel and tried to get it back into the road and it just keep on sliding and sled off into the ditch and hit a tree." The accident occurred about 6:00 p.m.

The claimant stated he was travelling 30 to 35 miles per hour in a 55 mile-per-hour speed zone at the time of the incident, not because of the icy conditions but because "I always drive that slow."

He asserted that the rear tires of the truck "were slick, wore down" and that this condition, together with the condition of the highway, caused him to lose control of the vehicle. The claimant's wife testified that two other members of her family had lost control of their vehicles at the location of the claimant's accident on the day of his accident. The claimant denied that consumption of alcohol "had anything to do" with his loss of control of the truck.

The claimant testified that he consumed four cans of beer during the trip before the accident. When admitted to the emergency room of a Fredericksburg hospital about three hours after the accident, claimant had the odor of alcohol on his breath. He stated to the attending physician that "he had had two six packs this evening prior to driving." An analysis of claimant's blood, conducted at 9:01 p.m. on the day in question, showed a concentration of alcohol equivalent to .215 per cent, according to the testimony of a toxicologist. The toxicologist further stated that at such level of alcohol concentration any person "would be too impaired to safely operate a motor vehicle."

On appeal, the claimant contends the Industrial Commission engaged "in gross speculation" regarding the proximate cause of the accident, asserting the employer failed to carry the burden of proof imposed by § 65.1-38. He argues: "In light of the evidence concerning slick tires, hazardous road conditions and other accidents at the same spot in the road, it cannot be said that the [employer] met its burden to prove that intoxication was the proximate cause of the accident." We disagree.

The decision below involved a pure question of fact. We repeatedly have noted that the Commission's findings of fact, when based upon credible evidence, are conclusive and binding upon us. Code § 65.1-98; *Seven-Up Bottling Co.* v. *Moseley*, 230 Va. 245, 249, 335 S.E.2d 272, 274 (1985); *Sky Chefs, Inc.* v. *Rogers*, 222 Va. 800, 805, 284 S.E.2d 605, 607 (1981). There is abundant, credible evidence in the record to support the Commission's findings, both as to willful misconduct by intoxication and causation.

Obviously, the Commission accepted the evidence offered by the employer of the claimant's .215 blood alcohol reading. The Commission plainly gave full credit to the testimony of the toxicologist who stated that anyone with a .215 reading would be too impaired to operate a motor vehicle safely. Indeed, the expert testified that "it is generally considered that anyone who has a blood concentra-

tion level above point 1 will be too impaired to perform any of the fine motor skills in operating a motor vehicle." Given this evidence of severe intoxication, still at a high level three hours after the accident, and considering the other evidence, including the admission made to the emergency room physician, the Commission was justified in giving little credit to the claimant's explanation regarding both the amount of beer ingested before the accident and the factors which caused him to lose control of the vehicle at the time of the accident. In sum, there was credible evidence that the claimant's ability to control the vehicle was impaired by consumption of alcoholic beverages and that such impairment and loss of control proximately caused the accident.

Accordingly, the decision of the Commission will be

*Affirmed.*