COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Retired Judge Duff*


TIMOTHY FLOYD DUNBAR

                                    MEMORANDUM OPINION**
v.    Record No. 2451-00-3               PER CURIAM
                                      FEBRUARY 6, 2001
RLF IRON ERECTORS, INC. AND
 AMERICAN INTERSTATE INSURANCE COMPANY


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

            (Robert E. Evans, on brief), for appellant.

            (John C. Johnson; Catherine I. Henritze;
            Frith Anderson & Peake, P.C., on brief), for
            appellees.


     Timothy Floyd Dunbar contends the Workers' Compensation

Commission erred in finding that (1) he failed to prove his

fractured leg was causally related to his compensable injury by

accident; and (2) in the alternative, that if he fractured his

leg during a scuffle with a co-worker, the injury did not occur

in the course of his employment.  Upon reviewing the record and

the briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the

commission's decision.  See Rule 5A:27.

_____

        * Retired Judge Charles H. Duff took part in the
consideration of this case by designation pursuant to Code
§ 17.1-400(D).

        ** Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal, we view the evidence in the light most favorable to the prevailing party below. See R.G. Moore Bldg. Corp. v. Mullins, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). So viewed, the commission found as follows:

> [A]n I-beam rolled on the claimant's foot, causing him pain. The claimant was the only one who said that the beam struck his lower leg. [Howard] Farris stated that the beam struck the claimant's foot and that he worked the rest of the day with a limp. [Kevin] Huber said that the beam fell on [claimant's] foot and ankle area in the morning and that he subsequently limped. Similarly, [Jonathan] Holliday testified that the claimant told him about the beam rolling on his foot around 10 or 11 a.m. [Fred] Hull confirmed that [claimant] desired medical attention because he was suffering pain and wanted his foot x-rayed. Based on the foregoing, we find that the claimant injured his left foot on the morning of June 2, 1999, when it was struck by an I-beam.
>
> However, there is no evidence to suggest that the injury to the foot necessitated any medical care or that it caused the tibia/fibula fracture and resultant disability. As stated above, everyone except the claimant testified that the I-beam struck his foot, and perhaps his ankle. It is uncontradicted that he continued to work and that he was able to scale a 40-foot ladder after the incident. Although the claimant limped after the morning incident, he was able to walk on his left leg until after the altercation with Hull later that evening. Significantly, Dr. [Ian D.] Archibald advised that it would be highly unlikely that [claimant] could have walked, even with a limp, with the type of injury he presented with at the hospital.

- 2 -

We also note that the history the claimant provided to his health care professionals was incomplete. He consistently reported his injury occurred at 5 p.m. Witness testimony directly contradicts this timeframe. Further, no medical report mentioned the scuffle or that the claimant fell to the ground, which caused greater pain than that related to the morning incident.

As fact finder, the commission was entitled to reject Dunbar's testimony and to accept the testimony of his co-workers that the I-beam either rolled over or struck Dunbar's foot and that he continued to work after that incident. It is well settled that credibility determinations are within the fact finder's exclusive purview. Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987).

It is equally well settled that the commission's findings of fact, if supported by credible evidence, are conclusive and binding on appeal. See Code § 65.2-706; Ivey v. Puckett Constr. Co., 230 Va. 486, 488, 338 S.E.2d 640, 641 (1986). In light of the testimony of Dunbar's co-workers, Dr. Archibald's opinion, and Dunbar's failure to report the scuffle incident to the initial medical providers, we cannot find as a matter of law that Dunbar sustained his burden of proving that his fractured leg was causally related to the I-beam incident. See Tomko v. Michael's Plastering Co., 210 Va. 697, 699, 173 S.E.2d 833, 835 (1970).

- 3 -

II.

"To qualify for workers' compensation benefits, an employee's injuries must result from an event 'arising out of' and 'in the course of' the employment." Pinkerton's, Inc. v. Helmes, 242 Va. 378, 380, 410 S.E.2d 646, 647 (1991). "An injury 'occurs in the "course of employment" when it takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while he is fulfilling the duties of his employment or is doing something which is reasonably incidental thereto.'" Lucas v. Lucas, 212 Va. 561, 563, 186 S.E.2d 63, 64 (1972) (quoting Conner v. Bragg, 203 Va. 204, 207-08, 123 S.E.2d 393, 396 (1962)). "A finding by the Commission that an injury [did not arise] out of and in the course of employment is a mixed finding of law and fact and is properly reviewable on appeal." Dublin Garment Co., Inc. v. Jones, 2 Va. App. 165, 167, 342 S.E.2d 638, 638 (1986).

Hull testified that after the workers arrived at the motel on the evening of June 2, 1999, he and Dunbar drank an eighteen-pack of beer. He and Dunbar argued because Dunbar wanted Hull to take him to the hospital to have his foot x-rayed. Hull testified that when he refused because he did not want to drive after he had been drinking, he and Dunbar tussled. During the tussling they fell over a curb. Holliday confirmed that Hull and Dunbar argued and tussled after drinking beer.

- 4 -

Indeed, Dunbar confirmed these events and testified that, when he fell onto the pavement, Hull fell on him. Dunbar does not dispute that his condition was worse after the scuffle than when they had arrived at the motel.

The commission found that the altercation occurred after Dunbar drank numerous beers and that he actively participated in horseplay. Thus, the commission ruled that even if Dunbar and Hull were arguing about a work-related matter when his leg was fractured, "any injury arising from the scuffle occurred outside the scope of employment." See Mullens v. Westmoreland Coal Co., 10 Va. App. 304, 307-08, 391 S.E.2d 609, 611 (1990). See also Kensington Associates v. West, 234 Va. 430, 436, 362 S.E.2d 900, 901 (1987).

The commission's factual findings are supported by the testimony of Dunbar, Hull, and Holliday. Based upon credible testimony, the commission could reasonably conclude that when Dunbar injured his leg during the scuffle, he was not fulfilling the duties of his employment or doing something which was reasonably incidental thereto. Based upon this record, we cannot find as a matter of law that Dunbar sustained his burden of proving that any injury he suffered during the scuffle occurred in the course of his employment.

For these reasons, we affirm the commission's decision.

Affirmed.

- 5 -