COURT OF APPEALS OF VIRGINIA

Present: Judges Clements, Kelsey and Beales
Argued at Richmond, Virginia

FOOD LION, LLC AND
  DELHAIZE AMERICA, INC.

v.     Record No. 0789-08-2                   OPINION BY
                                        JUDGE D. ARTHUR KELSEY
QWAMAINE A. WRIGHT                        DECEMBER 2, 2008

FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

P. Jason Cording (William B. Pierce, Jr.; Dov M. Szego; William B.
Pierce & Associates, PLLC, on briefs), for appellants.

Craig B. Davis (Emroch & Kilduff, LLP, on brief), for appellee.

In a proceeding before the Workers' Compensation Commission, Qwamaine A. Wright requested a change in his treating physician. After the commission granted the request, the employer appealed. We affirm.

I.

Wright, a teenager working at a grocery store, fell at work and sustained injuries to his chin, elbows, and wrists. He initially received medical care from a family practitioner who sutured his chin and recommended that Wright see an orthopedic specialist. Wright's mother called the employer and asked for a referral. The employer's claims adjuster provided a panel of three physicians, which included two orthopedic surgeons and a plastic surgeon.

At the mother's request, the adjuster scheduled an appointment with Dr. Vipool K. Goradia, one of the two orthopedic surgeons. The adjuster advised Wright's mother that another physician would be provided if Wright or his mother became dissatisfied with Dr. Goradia's care. The claims adjuster placed no time limitation on her offer to replace Dr. Goradia.

Not long after Dr. Goradia began treating Wright, his mother became dissatisfied with the doctor's care and demeanor. Wright thereafter filed a motion requesting the commission to order the employer to provide a replacement panel of physicians. The first panel, Wright argued, was defective because one of the three physicians was not an orthopedic specialist. Wright also pointed out the adjuster had earlier agreed to replace Dr. Goradia upon request. In reply, the employer argued Wright could not seek to replace Dr. Goradia after submitting to his course of treatment. The commission disagreed and ordered the employer to provide a new panel of three orthopedic specialists.

II.

On appeal, the employer argues that the commission erroneously failed to apply the course-of-treatment doctrine which forbids an employee from changing his treating physician without a reasonable justification. We disagree.

When an employee enters into a course of treatment with a physician, even in cases where the employer fails to comply with the requirement to provide a proper panel, "the employee is not at liberty to change therefrom unless referred by said physician, confronted with an emergency, or given permission by the employer and/or its insurer or [the] Commission." Goodyear Tire & Rubber Co. v. Pierce, 9 Va. App. 120, 128, 384 S.E.2d 333, 338 (1989) (brackets in original and indirectly quoting Breckenridge v. Marval Poultry Co., 228 Va. 191, 194, 319 S.E.2d 769, 770-71 (1984)); see also Macica v. ARA Services Tidewater Vending, 26 Va. App. 36, 41-42, 492 S.E.2d 843, 846 (1997).[1]

---

[1] We agree with the commission's application of this principle to defectively constituted panels. See Simmons v. Stafford County Sch. Bd., VWC File No. 203-42-59, 2002 Va. Wrk. Comp. LEXIS 617, *21 (Mar. 25, 2002); Lewis v. Newport News Sch. Bd., VWC File No. 202 08-59, 2001 Va. Wrk. Comp. LEXIS 4499, *7 (Dec. 5, 2001); Daniels v. Ltd. Mgmt. Co., VWC File No. 195-31-42, 2001 Va. Wrk. Comp. LEXIS 3948, *4 (Sept. 19, 2001); Bagley v.

Under the course-of-treatment doctrine, an employee may secure the commission's approval of a change in treating physician only upon showing some reasonable justification for the change, such as:

> inadequate treatment is being rendered; it appears that treatment is needed by a specialist in a particular field and is not being provided; no progress being made in improvement of the employee's health condition without any adequate explanation; conventional modalities of treatment are not being used; no plan of treatment for long-term disability cases; [or] failure to cooperate with discovery proceedings ordered by the Commission.

Apple Constr. Corp. v. Sexton, 44 Va. App. 458, 461, 605 S.E.2d 351, 352 (2004) (brackets in original and quoting Allen & Rocks, Inc. v. Briggs, 28 Va. App. 662, 675, 508 S.E.2d 335, 341 (1998)).

The employer claims Wright did not prove any of these circumstances existed. Perhaps so, but we fail to see why that matters in this case. Nearly every expression of the course-of-treatment doctrine has added the qualification that the employee may change treating physicians when "given permission by the employer" to do so. Breckenridge, 228 Va. at 194, 319 S.E.2d at 771; Macica, 26 Va. App. at 42, 492 S.E.2d at 846; Goodyear Tire & Rubber Co., 9 Va. App. at 128, 384 S.E.2d at 338. When the employer agrees with the requested change in treating physician, the employee need not demonstrate any further justification for the change. The employer's consent — whether viewed as a reasonable justification in and of itself or viewed as a circumstance mooting the need to prove a reasonable justification — gives the employee an enforceable expectation that he may change his treating physician if he does so consistent with the scope of the employer's consent.

---

Chippenham Hosp., VWC File No. 197-00-80, 2000 Va. Wrk. Comp. LEXIS 781, *8 (Dec. 13, 2000); Hudson v. Nat'l Health Labs., VWC File No. 153-83-12, 1995 Va. Wrk. Comp. LEXIS 218, *3 -*4 (July 11, 1995).

Here, the commission found that the employer's claims adjuster agreed in advance to accept a change of physician if Wright or his mother became dissatisfied with Dr. Goradia's care.[2] The adjuster placed no time limitation on this open-ended offer. As factfinder, therefore, the commission had ample evidence to reject the employer's argument that the "window of opportunity on the offer" closed when Wright submitted to a course of treatment with Dr. Goradia. See Appellant's Br. at 25. Given our "highly deferential standard of review of commission factfinding," Dunnavant v. Newman Tire Co., Inc., 51 Va. App. 252, 258, 656 S.E.2d 431, 434 (2008), we see no reason to second-guess the commission on this issue.

### III.

In short, the employer's unqualified offer authorized Wright to change his treating physician at his election. The commission did not err in requiring the employer to stand by that representation.

Affirmed.

---

[2] Because our holding renders it unnecessary to do so, we need not address whether Wright's mother had a credible factual basis for her dissatisfaction with Dr. Goradia's treatment or demeanor.