COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Beales and Powell
Argued at Alexandria, Virginia


UNINSURED EMPLOYER'S FUND

MEMORANDUM OPINION[*] BY
v.        Record No. 0124-09-4                  JUDGE RANDOLPH A. BEALES
                                                SEPTEMBER 8, 2009
FREDERICA WIREDU


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

> Douglas A. Seymour (William V. Riggenbach; Siciliano, Ellis,
> Duer & Boccarosse PLC, on brief), for appellant.
>
> W. David Falcon, Jr. (Chasen & Boscolo, P.C., on brief), for
> appellee.


The Uninsured Employer's Fund appeals from a decision of the Workers' Compensation

Commission awarding temporary total disability benefits to Frederica Wiredu (claimant).  The

Fund contends that the commission erred in finding that the doctor who started treating claimant

on March 10, 2008, was an authorized treating physician, erred in addressing the issue of that

doctor's authority to treat claimant, and erred in finding the evidence was sufficient to support an

award of benefits after March 10, 2008.  We find the commission did not err in this case.

BACKGROUND

Frederica Wiredu (claimant) injured her hand and arm in a compensable workplace

accident on October 16, 2007.  Dr. Stuart Davidson performed surgery on claimant's right arm

that same day, and he provided some post-surgery treatment for her.  Claimant's employer,

South Valley Cleaners, Inc., did not have workers' compensation insurance, but initially made

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

some direct payments to the hospital for her surgery and treatment. However, South Valley Cleaners stopped making payments to the hospital around November 2007, when claimant hired an attorney to help her with her workers' compensation claim.

On January 14, 2008, claimant went to Dr. Davidson for treatment, and he indicated in his notes that claimant had "improved substantially." However, he did not indicate that she was released to return to work. His notes indicated that he intended to see her again in six to eight weeks. On a form mailed by claimant's attorney, Dr. Davidson agreed that claimant was totally disabled from October 16, 2007, through January 14, 2008. He was not asked to express an opinion about her ability to work after January 14, 2008.[1]

Claimant did not receive any treatment from Dr. Davidson after January 14, 2008. She stopped seeing Dr. Davidson "[b]ecause [she] went over there about four times" and Dr. Davidson told her that he could not see her again "because [her] manager wasn't paying the bills." On March 10, 2008, claimant began receiving treatment from Dr. Eric Dawson, but she did not file any paperwork with the commission or her employer requesting a change in her treating physician. At this point, claimant was not receiving any benefits.

Dr. Dawson found that claimant was totally disabled by her workplace injuries and continued to fill out slips indicating that she was not released to return to work for her to give to her employer. The doctor also recommended a nerve study to help assess her continuing pain. Claimant testified that Dr. Dawson said she was totally disabled.

The deputy commissioner awarded claimant temporary total disability benefits from October 16, 2007 through January 14, 2008. In doing so, the deputy "adopt[ed] the medical findings of Dr. Davidson," but "accord[ed] little weight to the medical records of Dr. Dawson"

---

[1] The Fund does not appeal the benefits awarded to claimant for temporary total disability prior to January 14, 2008.

and noted that claimant began seeing him "without any apparent referral and for no clear reason." Claimant appealed the deputy commissioner's decision denying her disability benefits from March 10, 2008, and continuing.

The full commission reversed the deputy's decision, finding Dr. Dawson became claimant's treating physician, and, therefore, his opinion was "entitled to great weight." The Fund now appeals the award of benefits starting on March 10, 2008, and continuing.

ANALYSIS

The three issues raised by the Fund essentially argue the same point – that the commission should not have considered the evidence from Dr. Dawson, which was the only evidence that supported an award to claimant. We conclude that the commission did not err in considering this evidence.

A. Full Commission's Review of the Deputy Commissioner's Ruling

Initially, the Fund argues that the commission had no authority to reconsider the deputy's finding regarding Dr. Dawson. However, neither the Fund nor South Valley Cleaners made this objection before the commission, but instead simply argued that Dr. Dawson was not the authorized treating physician and was not credible.

On appeal, we review the final decision of the full commission, not the decision of the deputy commissioner. Code § 17.1-405(2). Therefore, as the Fund did not object to the commission's review of the deputy's *sua sponte* ruling on Dr. Dawson,[2] it did not preserve this argument for appeal. See Rule 5A:18; Commonwealth v. Bakke, 46 Va. App. 508, 516, 620 S.E.2d 107, 111 (2005) (noting that Rule 5A:18 bars review of issues not presented to the commission). Moreover, in her appeal to the commission, claimant clearly noted that she

---

[2] The Fund did not argue before the deputy that Dr. Dawson was not an authorized treating physician.

- 3 -

objected to the deputy's decision to ignore "the reports of Dr. Dawson," and she presented this argument in her brief to the commission. Therefore, this issue clearly was before the commission. See Classic Floors, Inc. v. Guy, 9 Va. App. 90, 94, 383 S.E.2d 761, 763 (1989) (noting that the commission can determine the scope of its review on the issue raised by the appealing party).

## B.  Dr. Dawson

A claimant can change her treating physician for any one of a number of reasons, and she can effect that change in a number of ways. See Food Lion, LLC v. Wright, 53 Va. App. 23, 26-27, 668 S.E.2d 814, 815-16 (2008). The commission can approve a change when the claimant provides a reasonable justification for using a different doctor, such as when the original physician is not providing adequate care or when an employer fails to pay for adequate care. See id. at 27, 668 S.E.2d at 815; see also Code § 65.2-603(C).

Here, the unrebutted evidence proved that employer was not paying Dr. Davidson, so he refused to continue treating claimant. Her employer's own testimony proved that South Valley Cleaners had stopped paying for her medical care. This circumstance is exactly the type of situation where a claimant should be allowed to see a different doctor – where her original treating physician refuses to treat her, her employer will not pay her medical bills, and employer does not have workers' compensation insurance. Claimant had no other option if she wanted to receive medical treatment. Therefore, she had a reasonable justification for changing to Dr. Dawson. Thus, the commission did not err in considering his testimony and giving it great weight. See Pilot Freight Carriers, Inc. v. Reeves, 1 Va. App. 435, 439, 339 S.E.2d 570, 572 (1986) (noting a treating physician's opinion should weigh heavily against conflicting evidence).

- 4 -

## C. Sufficiency of the Evidence

"[T]he function of the appellate court, when reviewing the sufficiency of the evidence, is to determine whether there was credible evidence presented such that a reasonable mind could conclude that the fact in issue was proved." Westmoreland Coal Co. v. Campbell, 7 Va. App. 217, 222, 372 S.E.2d 411, 415 (1988). In this case, "[t]his Court must defer to the commission's findings because they are based on [a doctor's] reports and other credible evidence in the record." Leadbetter, Inc. v. Penkalski, 21 Va. App. 427, 433, 464 S.E.2d 554, 557 (1995) (en banc).

Here, Dr. Dawson, her treating physician, found claimant was totally disabled after March 10, 2008. Although the Fund contends that Dr. Davidson released claimant to return to work, nothing in the record supports that claim. Dr. Davidson found claimant was totally disabled through the time he last met with her. He did not release her to return to work. He never made any comment on her medical condition after January 14, 2008. Thus, Dr. Dawson's medical opinion regarding claimant's disability after March 10, 2008, is unrebutted and credible. See Pilot Freight Carriers, Inc., 1 Va. App. at 439, 339 S.E.2d at 572. In fact, even if Dr. Dawson were not her primary treating physician, his medical opinion would continue to carry great weight here because it is unrebutted.

While Dr. Dawson had not identified the specific reason for her continuing problems, he positively and without hesitation found that she was totally disabled. Claimant also testified that Dr. Dawson found she was totally disabled, and nothing in the record suggested that Dr. Dawson's opinion changed. Therefore, we find the commission did not err in awarding temporary total disability benefits to claimant from March 10, 2008 and continuing. Certainly, a rational factfinder could find sufficient evidence in the record to support that conclusion. See Westmoreland Coal Co., 7 Va. App. at 223, 372 S.E.2d at 415.

CONCLUSION

For the foregoing reasons, we affirm the commission's award of benefits to claimant.

<u>Affirmed.</u>