COURT OF APPEALS OF VIRGINIA

Present:   Judges Frank, Beales and Powell
Argued at Richmond, Virginia


SHAWN L. COBLE

                                    MEMORANDUM OPINION[*] BY

v.       Record No. 1943-10-2               JUDGE CLEO E. POWELL
                                       MARCH 29, 2011

HENRICO (COUNTY OF) FIRE


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Gregory S. Hooe (Marks & Harrison, P.C., on brief), for appellant.

Ralph L. Whitt, Jr. (Corey R. Pollard; Whitt & Del Bueno, PC, on brief), for appellee.


Shawn L. Coble appeals a decision of the Workers' Compensation Commission ("the commission") denying him benefits. He argues that the full commission erred in finding that the testimony of Doctors Hagemann, Zambrana, and Bui rebutted the presumption found in Code § 65.2-402. For the reasons that follow, we affirm the commission's decision.

## I.  BACKGROUND

Coble became a Henrico County firefighter and paramedic in May of 2004.[1] Coble's primary care physician had previously diagnosed him with diabetes and hypertension on March 30, 2004. Coble also had cholesterol problems prior to being hired as a firefighter.

On August 31, 2007, he was at work when he began to feel ill and was brought to the hospital. There, Dr. Hagemann, a cardiologist, diagnosed Coble with one vessel of his heart being severely occluded. He performed a cardiac catheterization and placed a stent in the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Coble previously worked as a Henrico County police officer, a Capitol police officer, and a Henrico County paramedic.

occluded vessel. Coble also had evidence of build-up in other arteries but to a lesser extent. After being released from the hospital, Coble continued his aftercare with Dr. Hagemann. According to Dr. Hagemann, Coble was at risk for heart disease because he has diabetes and dyslipidemia.[2] In response to a questionnaire that asked whether in his opinion "it is more probable than not that the demands and stress in the employment of Mr. Coble as a firefighter with Henrico County Division of Fire is contributory in more than a trivial or insignificant degree to the development of his heart disease[,]" Dr. Hagemann answered no. He explained that he could not state whether occupational stress provided more than a trivial contribution to Coble's heart disease and he could not quantify the effect that any stress may have had. Dr. Hagemann also testified that he was unable to say that stress played no role. He also stated that he considered Coble's diabetes and dyslipidemia as the causative agents for Coble's heart disease more so than occupational stress. Dr. Hagemann was unaware of Coble having hypertension. He testified that diabetes combined with dyslipidemia would be sufficient to cause heart disease. Dr. Hagemann opined that Coble's heart disease was caused by dyslipidemia and uncontrolled diabetes mellitus caused by not taking his diabetes medication.

Dr. Bui began treating Coble on June 13, 2008. He testified that he could not exclude Coble's employment as a firefighter as a possible contributing factor to his heart disease. Specifically, Dr. Bui testified that "coronary artery diseases are caused by many different factors. There's not one single factor. And stress is one of the most difficult things that we can say whether it can cause or it can contribute to the coronary heart disease. . . . [W]e cannot exclude it as such." Dr. Bui further stated that he was unsure whether occupational stress was a contributing factor to the development of Coble's heart disease. He testified that research has shown that stress can aggravate heart disease.

---

[2] Dyslipidemia means that Coble's good cholesterol level was low.

In a questionnaire, Dr. Zambrana, Coble's primary care physician, agreed that he believed that diabetes, hypertension, obesity, dyslipidemia, and lack of exercise caused Coble's heart disease. Dr. Zambrana did not indicate that Coble's job played any role. Indeed, when specifically asked in another questionnaire if he had communicated to Coble that his hypertension and/or cardiac disease may have been related to his employment, Dr. Zambrana said "no."

In response to this evidence, Deputy Commissioner Bruner found that uncontroverted evidence proved that Coble was a Henrico County firefighter at the time he developed heart disease. As such, the employer bore the burden to overcome the presumption in Code § 65.2-402(B) by a preponderance of competent evidence. To do so, Deputy Commissioner Bruner held that the employer must prove that 1) Coble's disease was not caused by his employment, and 2) there was a non-work-related cause of the disease. The deputy commissioner held that the employer failed to satisfy this burden because the doctors could not exclude occupational stress as a possible factor in Coble's heart disease.

On review, the commission held that Augusta Co. Sheriff's Dept. v. Overby, 254 Va. 522, 492 S.E.2d 631 (1997), controlled the disposition of this case. As such, the commission found that when the doctors' depositions and questionnaire responses were considered together, the evidence proved that although the doctors were unable to exclude the possibility that Coble's heart disease was work-related, "a fair reading of their medical records and depositions indicate[d] that in their opinions, [Coble's] employment was probably not a cause of his heart disease." The commission further found that the doctors provided evidence that Coble's heart disease was caused by atherosclerosis, uncontrolled diabetes mellitus, obesity, and hyperlipidemia. Thus, the commission found that the employer rebutted the presumption and reversed the deputy commissioner's award. This appeal follows.

## II. ANALYSIS

"On appeal, we view the evidence in the light most favorable to the prevailing party before the commission." Central Va. Obstetrics & Gynecology Assoc., P.C. v. Whitfield, 42 Va. App. 264, 269, 590 S.E.2d 631, 634 (2004). "And while we conduct a *de novo* review of legal issues on matters arising from the commission, 'we give great weight to the commission's construction of the [Worker's Compensation] Act, and we defer to the commission's factual findings if supported by credible evidence in the record.'" Masonite Holdings, Inc. v. Cubbage, 53 Va. App. 13, 19-20, 668 S.E.2d 809, 812 (2008).

Code § 65.2-402(B) provides that hypertension or heart disease causing total or partial disability to a firefighter "shall be presumed to be occupational diseases, suffered in the line of duty, that are covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary."

> To overcome the presumption the employer must show, by a preponderance of the evidence, both that 1) the claimant's disease was not caused by his employment, and 2) there was a non-work-related cause of the disease. See [Fire & Rescue Servs. v.] Newman, 222 Va. [535,] 539, 281 S.E.2d [897,] 899-900 [(1981)]; Page [v. City of Richmond], 218 Va. [844,] 847-48, 241 S.E.2d [775,] 777 [(1978)]. Thus, if the employer does not prove by a preponderance of the evidence both parts of this two-part test, the employer has failed to overcome the statutory presumption. Id.

Bass v. City of Richmond Police Dep't, 258 Va. 103, 114, 515 S.E.2d 557, 562-63 (1999). The commission, in its role as fact finder, is tasked with determining whether the employer has met this burden. Id. at 114, 515 S.E.2d at 563.

> In this role, the Commission resolves all conflicts in the evidence and determines the weight to be accorded the various evidentiary submissions. "The award of the Commission . . . shall be conclusive and binding as to all questions of fact." Code § 65.2-706(A); Falls Church Constr. Co. v. Laidler, 254 Va. 474,

478-79, 493 S.E.2d 521, 524 (1997); Ivey v. Puckett Constr. Co., 230 Va. 486, 488, 338 S.E.2d 640, 641 (1986).

Id.

> On appeal from this determination, the reviewing court must assess whether there is credible evidence to support the Commission's award. Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 326 S.E.2d 687, 690 (1985); Hercules, Inc. v. Gunther, 13 Va. App. 357, 361, 412 S.E.2d 185, 187 (1991). Thus, unlike the Commission, the reviewing court is not charged with determining anew whether the employer's evidence of causation should be accorded sufficient weight to constitute a preponderance of the evidence on that issue. See Celanese Fibers Co., 229 Va. at 121, 326 S.E.2d at 690; Caskey v. Dan River Mills, Inc., 225 Va. 405, 411, 302 S.E.2d 507, 510-11 (1983); Macica v. ARA Servs. Tidewater Vending, 26 Va. App. 36, 41, 492 S.E.2d 843, 846 (1997); Shawnee Management Corp. v. Hamilton, 25 Va. App. 672, 679, 492 S.E.2d 456, 459 (1997).

Id. at 115, 515 S.E.2d at 563.

In Overby, 254 Va. at 525, 492 S.E.2d at 633, the evidence proved that claimant had a number of risk factors for a heart attack, including a history of heavy smoking, elevated cholesterol, a family history of heart trouble, and diabetes. The doctor admitted that occupational stress could have contributed to claimant's heart attack. Id. There, the Court held that an employer is not required to "exclud[e] the 'possibility' that job stress may have been a contributing factor to heart disease" and that the employer's evidence in Overby was sufficient to rebut the presumption. Id. at 527, 492 S.E.2d at 634.

Here, the commission found that when the doctors' depositions and questionnaire responses were considered together, the evidence proved that although the doctors were unable to exclude the possibility that Coble's heart disease was work-related, "a fair reading of their medical records and depositions indicate[d] that in their opinions, [Coble's] employment was probably not a cause of his heart disease." Thus, in the commission's view, the evidence satisfied the first prong that the evidence prove that the claimant's disease not be caused by his

employment. <u>Bass</u>, 258 Va. at 114, 515 S.E.2d at 562. The commission further found that the doctors provided evidence that Coble's heart disease was caused by atherosclerosis, uncontrolled diabetes mellitus, obesity, and hyperlipidemia. The commission concluded that this evidence satisfied the second prong: that there be a non-work-related cause of claimant's disease. <u>Id.</u> at 114, 515 S.E.2d at 562-63. As a "reviewing court is not charged with determining anew whether the employer's evidence of causation should be accorded sufficient weight to constitute a preponderance of the evidence on that issue[,]" <u>id.</u> at 115, 515 S.E.2d at 563, we are bound by the commission's decision where credible evidence in the record supports the determination. Here, the record does.

III.  CONCLUSION

For the foregoing reasons, we affirm the commission's decision that the employer overcame the presumption in Code § 65.2-402(B).

<u>Affirmed.</u>