UNPUBLISHED

COURT OF APPEALS OF VIRGINIA

Present: Judges Beales, O'Brien and Malveaux
Argued at Richmond, Virginia


COUNTY OF HENRICO AND
  VIRGINIA ASSOCIATION OF COUNTIES GROUP
  SELF-INSURANCE RISK POOL

              MEMORANDUM OPINION[*] BY
v.  Record No. 0929-18-2     JUDGE MARY GRACE O'BRIEN
                 DECEMBER 11, 2018
JOAN COBB


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

   Kwabena Akowuah (Scott C. Ford; Andrew E. Sassoon; Ford
   Richardson, PC, on brief), for appellants.

   No brief or argument for appellee.


   The County of Henrico and the Virginia Association of Counties Group Self-Insurance Risk

Pool (collectively, "employer") appeal a decision of the Virginia Workers' Compensation

Commission ("the Commission") finding that Joan Cobb ("claimant") sustained compensable heart

disease from her employment. The Commission awarded claimant temporary total disability

benefits from August 11, 2015 until September 13, 2015 and medical benefits.

   Employer's seven assignments of error can be summarized in the three fully addressed on

brief and at oral argument:

    1. The Commission erred in finding that claimant proved entitlement to the
     presumption in Code § 65.2-402(B).

    2. The Commission erred in finding that Code § 65.2-402(D) did not bar
     application of the presumption.

---

  [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

3. The Commission erred in finding that employer did not rebut the presumption.
Finding no error, we affirm the award.

BACKGROUND

A. Factual History

Claimant began working for the Henrico County Sheriff's Department in October 2011, when she was 59 years old. She was employed as a deputy sheriff assigned to the county jail. Her duties included maintaining the safety of inmates, staff, and visitors, conducting security checks, and transporting inmates. Claimant testified that her job was physically challenging and stressful; she was required to stop fights between inmates, some of whom spit at her and were verbally abusive. She stated that she often had to work twelve-hour shifts in an area that was sometimes between forty-five and fifty degrees Fahrenheit. Additionally, claimant related that she experienced conflict with her supervisors who "never were professional."

Before beginning work as a deputy sheriff, claimant underwent a pre-employment physical, during which she reported a history of femoral bypass surgery, smoking between ages fifteen and fifty, high blood pressure, a prior stroke, and Type II diabetes. The physical did not indicate any current or past diagnosis of heart disease. An x-ray ordered as part of the physical revealed that claimant's heart size was normal and her pulmonary vascularity was within normal limits.

Dr. John Mills, claimant's primary care physician, noted in 2014 medical records that claimant's "diabetes got out of control," which required her admission to the ICU for several days. After reviewing a chest x-ray, Dr. Mills documented that claimant's "[h]eart size is at the upper limits of normal."

On June 17, 2015, claimant suffered a heart attack at home. She was hospitalized from June 17 to June 19, 2015. Dr. Charles W. Phillips, the cardiologist who treated claimant, diagnosed rapid atrial fibrillation and acute coronary syndrome. He stabilized her with medication, performed a

cardiac catheterization in one coronary artery, and placed drug-eluting stints in another artery. Dr. Phillips's discharge summary letter noted "no work until 6/30/15," and his handwritten discharge progress note stated "no work for 6 weeks." His notes from claimant's hospital stay indicated the following problems based on his conversations with claimant and his review of medical records: mild obesity, noninsulin-dependent diabetes, hyperlipidemia, chronic obstructive pulmonary disease, resumption of cigarette use after years of abstinence, severe arterial hypertension, chronic renal insufficiency, and history of a stroke and left femoral popliteal bypass surgery. At his deposition, Dr. Phillips "couldn't comment" as to whether these factors were related to her work and could not state "that her work-related duties caused her to have coronary issues." Claimant testified at a hearing before a deputy commissioner that Dr. Phillips told her she "should not work in [her current job]" because of her heart condition; however, Dr. Phillips did not recall that conversation.

Dr. Mills completed a form entitled "Attending Physician Recertification Statement" on August 11, 2015, in which he estimated that claimant would be out of work for approximately four to six weeks, effective July 1, 2015. Dr. Mills noted in the form that his most recent physical evaluation of claimant was on July 23, 2015. He subsequently completed a questionnaire from employer about claimant's condition. Dr. Mills acknowledged that claimant suffered from high blood pressure, high cholesterol, diabetes, and had a history of smoking and a family history of heart disease. He agreed these were all "risk factors for her heart attack."

Dr. Dale Slagel, who conducted claimant's pre-employment physical, also completed a questionnaire generated by employer. Dr. Slagel recognized that claimant's pre-employment medical history contained a number of risk factors for heart disease, and he opined that claimant's heart disease was causally related to these factors.

Claimant testified that before her heart attack, her "health was pretty good." She indicated that although she previously had been diagnosed with high blood pressure, it was under control with medication at the time of her heart attack. Claimant acknowledged her prior stroke and intermittent high cholesterol. She denied that she resumed smoking but stated that she only pretended to smoke cigars between 2013 and 2015 in order to increase the number of breaks she could take at work.

On September 12, 2017, Dr. James Dubin, an expert hired by employer, reviewed claimant's medical records. He did not conduct a physical examination of claimant. He noted that claimant was first diagnosed with coronary artery disease in June 2015. Dr. Dubin concluded that claimant's "coronary artery disease was caused by her multiple cardiac risk factors (hypertension, high cholesterol, diabetes, history of tobacco abuse in the past) and not caused by her work as a deputy sheriff."

## B. Procedural History

At the hearing before the deputy commissioner, claimant asserted a claim of occupational disease in the nature of a stress-related heart attack and heart disease. Employer contested the claim and argued that claimant was not entitled to the presumption contained in Code § 65.2-402(B) because she was not found to be free of heart disease during her pre-employment physical, as required by Code § 65.2-402(D).

The deputy commissioner concluded that claimant was entitled to the presumption in Code § 65.2-402(B) because she was among the class of eligible employees and the hospital records provided ample evidence of disability caused by heart disease. The deputy commissioner gave greater weight to Dr. Phillips's notations that claimant should not work "until 6/30/15" and "no[t] work for 6 weeks," than to his subsequent deposition testimony that he did not recall speaking with claimant at the hospital about her ability to work. The deputy commissioner further found that Code § 65.2-402(D) did not bar claimant from invoking the presumption because, although her medical

records displayed a history of hypertension, they did not indicate a history of heart disease. The deputy commissioner noted that "even Dr. Dubin, relied upon by [employer], concluded the claimant 'was first diagnosed with coronary artery disease in June 2015.'" Finally, the deputy commissioner found that employer failed to refute the presumption of Code § 65.2-402(B). The deputy commissioner held that claimant's numerous risk factors for heart disease were insufficient to rebut the presumption; employer was required to "present a definitive medical opinion that the heart disease was most likely caused by these risk factors" and "must also prove the work was not a cause of the claimant's heart disease." Accordingly, the deputy commissioner awarded claimant temporary total disability benefits beginning August 11, 2015 until September 13, 2015, in addition to medical benefits.

Upon employer's appeal, the full Commission reviewed the record and unanimously affirmed claimant's award. The Commission found that claimant proved disability resulting from heart disease, with "no [prior] diagnosis of heart disease," and held that employer failed to rebut the presumption. The Commission reasoned that although several of the doctors agreed "that claimant's non-work related risk factors were causally related to her heart attack[,] [t]his agreement is not the equivalent of opining that the claimant's employment was not a causative factor as well." Further, "Dr. Dubin was the only physician to deny that the claimant's employment caused her coronary artery disease," and the Commission was "simply not persuaded by this unexplained, summary assessment." Employer appeals this decision.

## ANALYSIS

### A. Code § 65.2-402(B) Presumption

The Workers' Compensation Act provides for coverage of occupational diseases arising out of and in the course of employment. See Code § 65.2-101. Pursuant to the Act, certain conditions

are "presumed to be occupational diseases, suffered in the line of duty." Code § 65.2-402(B).

Specifically, Code § 65.2-402(B) provides, in relevant part, that

> [h]ypertension or heart disease causing . . . any health condition or impairment resulting in total or partial disability of . . . deputy sheriffs . . . shall be presumed to be occupational diseases, suffered in the line of duty, that are covered by this title unless such presumption is overcome by a preponderance of competent evidence to the contrary.

Employer contends that the Commission erred in concluding claimant was entitled to this presumption because she failed to prove disability resulting from heart disease.

Determination of a claimant's disability is a factual finding. Samartino v. Fairfax Cty. Fire & Rescue, 64 Va. App. 499, 507 (2015). "Factual findings of the [Commission] will be upheld on appeal if supported by credible evidence." Tumlin v. Goodyear Tire & Rubber Co., 18 Va. App. 375, 378 (1994) (quoting James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515 (1989)). "Decisions of the [C]ommission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." WLR Foods v. Cardosa, 26 Va. App. 220, 230 (1997) (quoting Manassas Ice & Fuel Co. v. Farrar, 13 Va. App. 227, 229 (1991)). See Code § 65.2-706(A). Further, "[w]here reasonable inferences may be drawn from the evidence in support of the [C]ommission's factual findings, they will not be disturbed by this Court on appeal." VFP, Inc. v. Shepherd, 39 Va. App. 289, 292 (2002) (quoting Hawks v. Henrico Cty. Sch. Bd., 7 Va. App. 398, 404 (1988)).

Code § 65.2-402(B), formerly Code § 65.1-47.1, "has long been recognized as a remedial statute, enacted by the legislature to overcome the difficulty that a [deputy sheriff] would otherwise have in proving causation." City of Norfolk v. Lillard, 15 Va. App. 424, 430 (1992). "[T]o establish a *prima facie* case, the claimant need only prove his occupation and his disability from one of the diseases identified by statute." Fairfax Cty. Fire & Rescue Dep't v. Mitchell, 14 Va. App. 1033, 1035 (1992).

- 6 -

Employer does not contest that claimant was employed as a deputy sheriff and therefore was in the class of employees entitled to the presumption in Code § 65.2-402(B). However, employer asserts that claimant failed to prove that heart disease caused her disability. Employer contends that the Commission should not have considered the August 11, 2015 form from Dr. Mills because he did not conduct a physical examination contemporaneous to his execution of the form. Rather, the form reflected Dr. Mills's conclusion from his July 23, 2015 examination of claimant. Employer also relies on Dr. Phillips's deposition testimony that he did not recall commenting on claimant's ability to work, despite his discharge summary of June 19, 2015 that advised claimant not to return to work until June 30, 2015 and his discharge progress note of "no work for 6 weeks."

The Commission's finding that claimant's disability was a result of her heart disease is supported by credible evidence in the record. "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the [C]ommission's finding." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894 (1991). The medical records generated by Dr. Mills and Dr. Phillips were sufficient to support the Commission's conclusion that claimant proved the requisite causally-related disability.

B. Rebuttal by Code § 65.2-402(D)

If applicable, Code § 65.2-402(D) operates as a complete bar to the presumption of Code § 65.2-402(B). It provides

> The presumptions . . . shall only apply if persons entitled to invoke them have, if requested by the . . . governing body employing them, undergone preemployment physical examinations that (i) were conducted prior to the making of any claims under this title that rely on such presumptions, (ii) were performed by physicians[,] . . . (iii) included such appropriate laboratory and other diagnostic studies as the . . . governing bodies may have prescribed, and (iv) found such persons free of respiratory diseases, hypertension, cancer or heart disease at the time of such examinations.

Employer asserts that claimant's pre-existing hypertension proves that she was not free of heart disease before her heart attack on June 17, 2015. To analyze employer's argument, we must interpret the meaning of the word "or" in the phrase "respiratory diseases, hypertension, cancer or heart disease" in Code § 65.2-402(D). This Court conducts a *de novo* review of statutory interpretation. Layne v. Crist Elec. Contractor, Inc., 62 Va. App. 632, 639 (2013). Factual findings supporting the Commission's conclusion are binding on appeal if credible evidence supports them. See Code § 65.2-706(A). See also Bass v. City of Richmond Police Dep't, 258 Va. 103, 114, 116 (1999).

Employer argues that because the statute lists both hypertension and heart disease, the General Assembly did not intend the presumption to apply to employees who suffered from either condition prior to their employment. Employer asserts that the Commission's finding that claimant suffered from pre-existing hypertension but not pre-existing heart disease is a "distinction without a difference."

However, the Supreme Court repeatedly has found that a claimant is entitled to the presumption when the pre-employment physical "fails to make a positive finding of the disease which subsequently brings about the disability" of the employee. Berry v. County of Henrico, 219 Va. 259, 265 (1987). See also Commonwealth v. Barker, 275 Va. 529, 541 (2008); Garrison v. Prince William Cty. Bd. of Supervisors, 220 Va. 913, 919-20 (1980).

The Supreme Court has specifically considered whether the pre-existing condition of hypertension bars application of the presumption in Code § 65.2-402(B) for heart disease. Barker, 275 Va. at 541-45. In Barker, a deputy sheriff died from cardiac arrest while driving his police vehicle in the course of his employment. Id. at 534. The deputy sheriff underwent a pre-employment physical that noted "a diagnostic data etiologic reference to diabetes and hypertension," but "no finding of heart disease." Id. The employer argued that because Code

- 8 -

§ 65.2-402(D)(iv) lists medical conditions in the disjunctive, if any of them are present in the pre-employment physical, the presumption of Code § 65.2-402(B) does not apply. Id. at 541.

In rejecting the employer's argument, the Supreme Court followed the holdings of Berry and Garrison: a claimant is entitled to the presumption if the "pre-employment examination 'fails to make a positive finding of the disease which subsequently brings about the disability or death' of the employee." Id. at 542 (quoting Berry, 219 Va. at 264-65). The Supreme Court held that because "[t]he plain language of Code § 65.2-402(D) is in the disjunctive, not the conjunctive . . . the listed medical conditions are to be considered separately." Id. at 544.

Barker is directly applicable to this case. Here, claimant's history of pre-employment hypertension was uncontested. However, both the deputy commissioner and the Commission found no evidence that claimant suffered from heart disease prior to June 17, 2015. Our review of the record supports this finding. Therefore, the Commission did not err in determining that although claimant suffered from pre-existing hypertension, this condition did not bar her entitlement to the presumption for heart disease, the separate medical condition on which her claim was based.

## C. Rebuttal of the Presumption

Employer argues that the Commission erred by finding that it failed to rebut the presumption in Code § 65.2-402(B). "After the claimant establishes that he is entitled to the presumption, the burden shifts to the employer to refute the presumption." Medlin v. Cty of Henrico Police, 34 Va. App. 396, 405 (2001). To rebut the presumption, the employer must prove both a non-work-related cause for the heart disease, *and* that work was not a cause of the claimant's heart disease. See Page v. City of Richmond, 218 Va. 844, 847-48 (1978). "[I]f the employer does not prove by a preponderance of the evidence both parts of this two-part test, the employer has failed to overcome the statutory presumption." Bass, 258 Va. at 114.

Determining whether the employer has met its burden is a question for the Commission, as fact-finder. Id. "Decisions of the [C]ommission as to questions of fact, if supported by credible evidence, are conclusive and binding on this Court." WLR Foods, 26 Va. App. at 229 (quoting Manassas Ice & Fuel Co., 13 Va. App. at 229). As the reviewing court, "we view the evidence in the light most favorable to [claimant,] the prevailing party before the [C]ommission." Cent. Va. Obstetrics & Gynecology Assocs., P.C. v Whitfield, 42 Va. App. 264, 269 (2004).

Employer argues that the Commission should have given more weight to the portions of Drs. Phillips's, Mills's, and Slagel's opinions that indicated claimant's heart disease was causally related to her non-work-related risk factors. Employer also disagrees with the Commission's dismissal of Dr. Dubin's opinion that claimant's employment did not cause her heart disease.

The Commission, as fact-finder, "resolves all conflicts in the evidence and determines the weight to be accorded the various evidentiary submissions." Bass, 258 Va. at 114. Merely establishing that a claimant had risk factors does not "establish competent medical evidence of a non-work-related cause of the disabling disease" sufficient to rebut the statutory presumption. Lillard, 15 Va. App. at 429. See also City of Portsmouth Sheriff's Dep't v. Clark, 30 Va. App. 545, 554 (1999).

Although several doctors opined that claimant had risk factors for heart disease, this conclusion did not exclude the possibility that claimant's employment was also a causative factor. Neither Dr. Mills nor Dr. Slagel, both of whom personally examined claimant and noted her risk factors, opined that claimant's heart disease was solely caused by these factors. Dr. Phillips, the cardiologist who treated claimant at the hospital, also did not state that claimant's heart disease was solely caused by her risk factors. Only Dr. Dubin, who never examined claimant and only reviewed her medical records prior to trial at employer's request, specifically concluded that claimant's heart attack resulted from her risk factors, not her employment.

- 10 -

The Commission is free to consider all the evidence. "The weight to be given the evidence, the credibility of witnesses, and the resolution of conflicting medical evidence are matters solely for the [C]ommission to decide." Clark, 30 Va. App. at 553. Because credible evidence supports the Commission's resolution of the conflicting medical evidence, we find no error in the determination that employer failed to rebut the presumption in Code § 65.2-402(B).

CONCLUSION

For the foregoing reasons, we hold that the Commission did not err in finding that claimant was entitled to the presumption in Code § 65.2-402(B), that Code § 65.2-402(D) did not bar application of this presumption, and that employer failed to rebut the presumption. Accordingly, we affirm the Commission's award of benefits to claimant.

Affirmed.